**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
-------------------------------------------------------x
ROBERT PATRICK LEWIS,             :
PHILIP A. LUELSDORFF,             :
1AP, INC.                         :
                                  :
       Plaintiffs,                :
                                  :
v.                                :          Case No. 1:22-cv-00126-AJ
                                  :
                                  :
SETH ABRAMSON                     :
                                  :
       Defendant.                 :
-------------------------------------------------------x
```

<u>**DISCOVERY PLAN**</u>
**Fed. R. Civ. P. 26(f)**

**(Preliminary Pretrial Conference Requested)**

**DATE/PLACE OF CONFERENCE:**

On June 9, 2022, the parties conducted the Rule 26(f) discovery planning conference by telephone.

**COUNSEL PRESENT/REPRESENTING:**

Steven S. Biss (motion for pro hac vice admission to be filed) and Bryan Gould, counsel for the Plaintiffs, and Timothy J. McLaughlin, counsel for the Defendant, attended the conference.

<u>**Case Summary**</u>

**THEORY OF LIABILITY:**

This is an action for defamation, defamation by implication, false light invasion of privacy and conspiracy. Plaintiffs claim that Defendant, acting in concert with multiple third parties, published false statements and defamatory implications accusing Plaintiffs

of plotting and carrying out the January 6 attacks on the United States Capitol.  Plaintiffs assert that Defendant and his confederates publicized the false and fictitious facts to millions via the Internet and social media.

Defendant reserves his right to present theories of liability with and/or after the filing of his responsive pleading(s), which is currently due to be filed with the Court in the first instance on July 18, 2022 due to Defendant's waiver of service of summons.

**THEORY OF DEFENSE**:

Defendant reserves his right to present theories of defense with and/or after the filing of his responsive pleading(s), which is currently due to be filed with the Court in the first instance on July 18, 2022 due to Defendant's waiver of service of summons.

**DAMAGES**:

Plaintiffs seek $25,000,000 in compensatory and enhanced compensatory damages, prejudgment interest and court costs as a result of the Defendant's actions.

Defendant reserves his right to claim damages with and/or after the filing of his responsive pleading(s), which is currently due to be filed with the Court in the first instance on July 18, 2022 due to Defendant's waiver of service of summons.

**DEMAND**:

Plaintiff:      June 15, 2022.

**OFFER**:

Defendant:      Thirty (30) days after Defendant files his answer.

2

**JURISDICTIONAL QUESTIONS**:

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity).   Plaintiffs allege that Defendant is subject to personal jurisdiction in New Hampshire.

Defendant reserves the right to present his jurisdictional questions with and/or after the filing of its responsive pleading, which is currently due to be filed with the Court in the first instance on July 18, 2022 due to Defendant's waiver of service of summons.

**QUESTIONS OF LAW**:

Plaintiffs' questions of law:

This action presents the following questions of law:

1.      Did the Defendant publish false facts of or concerning the Plaintiffs?

2.      Are the Defendant's statements defamatory?

3.      Did the Defendant make the statements knowing them to be false, or, if he believed the statements to be true, did the Defendant lack a reasonable basis for such belief or act negligently in failing to ascertain the facts on which the statements were based?

4.      Are the Plaintiffs limited purpose public figures?  If so, did the Defendant publish the statements with actual malice?

5.      Did the Defendant combine, associate or act in concert with third parties to accomplish an unlawful purpose or a lawful purpose by unlawful means?

6.      If the Plaintiffs are entitled to recover, what is the amount of their damages?

Defendant's questions of law:

Defendant reserves the right to identify issues of law with and/or after the filing of his responsive pleading, which is currently due to be filed with the Court in the first instance on July 18, 2022.

**TYPE OF TRIAL**:

Plaintiff has requested trial by jury.

Defendant reserves the right to identify the type of trial with and/or after the filing of his responsive pleading, which is currently due to be filed with the Court in the first instance on July 18, 2022.

## Schedule

**TRACK ASSIGNMENT**:

STANDARD – 12 MONTHS

The parties disagree with regard to when the dates to be scheduled within this Discovery Plan should begin relative to a twelve (12) month track.

Plaintiff requests that the dates to be scheduled within this Discovery Plan should begin based upon Defendant's July 18, 2022 initial responsive pleading date.

Defendant requests that the dates to be scheduled within this Discovery Plan should begin based upon the date of Defendant's answer.

**TRIAL DATE**:

Plaintiffs request a two-week trial period beginning July 18, 2023.

Defendant requests that the scheduling of the trial date be approximately twelve (12) months from the date of filing of Defendant's answer.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**:

If Defendant claims that unnamed parties are at fault on a state law claim (see *DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

Defendant requests that his disclosure of claims against unnamed parties be forty-five (45) days after his answer.

**AMENDMENT OF PLEADINGS**:

Plaintiff:      To be determined based upon whether the schedule for a twelve (12) month track begins from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

Defendant:    Thirty (30) days after Plaintiff's deadline for amendment of pleadings.

**JOINDER OF ADDITIONAL PARTIES**:

Plaintiff:      Thirty (30) days from date of Defendant's disclosure of claims against unnamed parties.

Defendant:    Sixty (60) days from the date of Defendant's disclosure of claims against unnamed parties.

**THIRD-PARTY ACTIONS**:

Sixty (60) days from the date of Defendant's disclosure of claims against unnamed parties.

**MOTIONS TO DISMISS**:

Defendant's current responsive pleading deadline for Fed. R. Civ. P. 12(b) motions is July 18, 2022.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

Plaintiff:      To be determined based upon whether the schedule for a twelve (12) month track begins from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

Defendant:      To be determined based upon whether the schedule for a twelve (12) month track begins from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

Rebuttal:      To be determined based upon whether the schedule for a twelve (12) month track begins from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

Supplemental:      In accordance with Fed. R. Civ. P. 26.

*[The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).]*

**COMPLETION OF DISCOVERY**:

To be determined based upon whether the schedule for a twelve (12) month track begins from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

**MOTIONS FOR SUMMARY JUDGMENT**:

One hundred and twenty (120) days prior to the Final Pretrial Conference.

**CHALLENGES TO EXPERT TESTIMONY**:

One hundred and twenty (120) days prior to the Final Pretrial Conference.

### Discovery

**DISCOVERY NEEDED**:

Plaintiffs contend that discovery is needed on the following subjects: (1) all matters relating to the Defendant's statements, including the sources of the statements, if any, the publication of the statements, and communications between Defendant and subscribers and readers of his substack, Twitter followers and users, and other third-parties relating to the events that occurred on January 4-6, 2021; (2) all matters relating to Defendant's actual malice; (3) Defendant's motive and bias against Plaintiffs and whether Defendant engaged in a deliberate and coordinated effort to target and hurt the Plaintiffs; and  (4) all matters relating to the damages caused by Defendants' defamation, false light invasion of privacy, and conspiracy.

Defendant contends that discovery will be needed concerning all claims, defenses and issues in these proceedings including all allegations set forth in Plaintiff's complaint. Defendant reserves his right to describe further discovery needed until after his responsive pleading(s), which is currently due to be filed with the Court in the first instance on July 18, 2022 due to Defendant's waiver of service of summons.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

The parties will exchange Rule 26(a)(1) disclosures on or before July 15, 2022.

**INTERROGATORIES**:

Each party may serve a maximum of twenty-five (25) interrogatories on any other party.

**REQUESTS FOR ADMISSION**:

Each party may serve a maximum of thirty (30) requests for admission on any other party.

**DEPOSITIONS**:

A maximum of ten (10) depositions by Plaintiffs and ten (10) depositions by Defendant shall be allowed without leave of Court.  Each deposition shall be limited to a maximum of 7 unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**:

The parties will meet and confer regarding Electronic Information Disclosures and will submit at a future date a proposed "ESI Order" as necessary.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**:

The parties will meet and confer as necessary regarding the terms of any stipulated protective order(s) that will address the disclosure and handling of confidential material(s), so as to facilitate discovery in this action.

## Other Items

**SETTLEMENT POSSIBILITIES**:

Cannot be evaluated prior to completion of discovery.

**JOINT STATEMENT RE: MEDIATION**:

Plaintiffs do not plan to pursue mediation.  Defendant has not determined yet whether to pursue mediation.  If Counsel believes that mediation would be fruitful before or after pursuing discovery and/or filing summary judgment motions, Counsel will request mediation with a private mediator.  The parties will update the Court on the status of mediation on or before December 31, 2022.

**TRIAL ESTIMATE**:

Ten (10) days.

**WITNESSES AND EXHIBITS**:

In accordance with the final pretrial order.

**PRELIMINARY PRETRIAL CONFERENCE**:

The parties request a pretrial conference to address whether the schedule for a twelve (12) month track should begin from: (1) the date of Defendant's filing of a responsive pleading; or (2) the date of Defendant's filing of an answer.

The parties will work in good faith to agree upon the remaining unsettled dates within this Discovery Plan after the preliminary pretrial conference.

**OTHER MATTERS**:

Plaintiffs:      None.

Defendant:    None.

DATED: June 9, 2022

*Counsel for the Plaintiffs*                    *Counsel for the Defendant*

By: ___/s/ Bryan K. Gould_____          By: ____/s/ Timothy J. McLaughlin____
Bryan K. Gould (NH Bar #8165)              Timothy J. McLaughlin (NH Bar #19570)
gouldb@cwbpa.com                            tmclaughlin@shaheengordon.com
Morgan G. Tanafon (NH Bar #273632)        William E. Christie (NH Bar# 11255)
tanafonm@cwbpa.com                          wchristie@shaheengordon.com
Cleveland, Waters and Bass, P.A.           Shaheen & Gordon, P.A.
Two Capital Plaza, 5th Floor               P.O. Box 2703
P.O. Box 1137, Concord, NH 03302-1137     Concord, NH 03302-2703
Telephone: 603-224-7761                    Telephone: (603) 225-7262
Facsimile: 603-224-6457                     Facsimile: (603) 225-5112

Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Motion for Admission Pro Hac Vice
To be Filed*)

## CERTIFICATE OF SERVICE

I hereby certify that the within pleading is being served electronically upon the persons listed below through the court's ECF system.

William E. Christie, Esq.
Timothy J. McLaughlin, Esq.

Date: June 9, 2022                         ___/s/ Bryan K. Gould_____
                                           Bryan K. Gould, Esq.