UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------x
ROBERT PATRICK LEWIS, :
PHILIP A. LUELSDORFF, :
1AP, INC. :
                                   :
    Plaintiffs, :
                                   :
v. : Case No. 1:22-cv-00126-PB
                                   :
SETH ABRAMSON :
                                   :
    Defendant. :
---------------------------------------------------------x

**AMENDED DISCOVERY PLAN**
Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

The Court considered the initial discovery plan during the Preliminary Pre-Trial Conference held on August 24, 2022 at 2:00 p.m.

**COUNSEL PRESENT/REPRESENTING:**

Steven S. Biss and Morgan Tanafon, counsel for the Plaintiffs, and Timothy J. McLaughlin and Stephanie Bendeck, counsel for the Defendant, attended the Preliminary Pre-Trial Conference. Counsel have subsequently conferred regarding this Amended Discovery Plan based upon the Court's instructions including its stay of discovery. The parties agree that the dates reflected in this Amended Discovery Plan will be finalized consistent with the schedule described herein based on the actual date of the Court's ruling on the Motion to Dismiss. For clarity, when the Court rules on the Motion to Dismiss, the parties will confer to establish specific, known, dates associated with the timeline set forth herein.

## Case Summary

**THEORY OF LIABILITY:**

This is an action for defamation, defamation by implication, false light invasion of privacy and conspiracy. Plaintiffs claim that Defendant, acting in concert with multiple third parties, published false statements and defamatory implications accusing Plaintiffs of plotting and carrying out the January 6 attacks on the United States Capitol. Plaintiffs assert that Defendant and his confederates publicized the false and fictitious facts to millions via the Internet and social media.

Defendant reserves his right to present theories of liability with and/or after the Court rules on his Motion to Dismiss, which was filed on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022, and is currently pending.

**THEORY OF DEFENSE**:

Defendant reserves his right to present theories of defense with and/or after the filing of his responsive pleading(s), which is currently due to be filed with the Court on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022.

**DAMAGES**:

Plaintiffs seek $25,000,000 in compensatory and enhanced compensatory damages, prejudgment interest and court costs as a result of the Defendant's actions.

Defendant reserves his right to claim damages with and/or after the Court rules on his Motion to Dismiss which was filed on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022.

**DEMAND**:

The Plaintiff will make a demand prior to mediation, should the parties elect to engage in mediation.

**OFFER**:

The Defendant will respond to Plaintiff's demand prior to or during mediation, should the parties elect to engage in mediation.

**JURISDICTIONAL QUESTIONS**:

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity). Plaintiffs also allege that Defendant is subject to personal jurisdiction in New Hampshire.

Defendant reserves the right to present any jurisdictional questions with and/or after the filing of its Motion to Dismiss, which has been filed with the Court on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022.

**QUESTIONS OF LAW**:

Plaintiffs' questions of law:

This action presents the following questions of law:

1. Did the Defendant publish false facts of or concerning the Plaintiffs?

2. Are the Defendant's statements defamatory?

3. Did the Defendant make the statements knowing them to be false, or, if he believed the statements to be true, did the Defendant lack a reasonable basis for such belief or act negligently in failing to ascertain the facts on which the statements were based?

4. Are the Plaintiffs limited purpose public figures? If so, did the Defendant publish the statements with actual malice?

5. Will the New Hampshire Supreme Court recognize a cause of action for false light invasion of privacy? If so, will the Supreme Court apply the definition of false light in § 625E of the Restatement (Second) of Torts?

6. Did the Defendant publicize matters concerning the Plaintiffs that placed the Plaintiffs before the public in a false light that would be highly offensive to a reasonable person, and did the Defendant have knowledge of or act in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiffs would be placed?

7. Did the Defendant combine, associate or act in concert with third parties to accomplish an unlawful purpose or a lawful purpose by unlawful means?

8. If the Plaintiffs are entitled to recover, what is the amount of their damages?

Defendant's questions of law:

Defendant reserves the right to identify issues of law after the Court rules on his Motion to dismiss, which was filed on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022.

**TYPE OF TRIAL**:

Plaintiff has requested trial by jury.

Defendant reserves the right to identify the type of trial with and/or after the filing of his Motion to Dismiss, which has been filed with the Court on August 19, 2022 due to Plaintiffs' filing by right of their amended complaint on August 8, 2022.

**Schedule**

**TRACK ASSIGNMENT**:

COMPLEX – 18 MONTHS

This Discovery Plan shall begin from the date that the Court rules on Defendant's pending Motion to Dismiss.

**TRIAL DATE**:

The scheduling of the trial date shall be approximately eighteen (18) months from the date that the Court rules on Defendant's pending Motion to Dismiss.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**:

If Defendant claims that unnamed parties are at fault on a state law claim (see *DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days after his answer. Plaintiffs shall then have 30 days from the date of Defendant's *Debenedetto* disclosure to amend their Complaint.

**AMENDMENT OF PLEADINGS**:

Plaintiff: 60 days after the Court rules on Defendant's pending Motion to Dismiss.

Defendant: 90 days after the Court rules on Defendant's pending Motion to Dismiss.

**JOINDER OF ADDITIONAL PARTIES**:

Plaintiff: 30 days from date of Defendant's *Debenedetto* disclosure.

Defendant: 60 days from the date of Defendant's *Debenedetto* disclosure.

**THIRD-PARTY ACTIONS**:

Plaintiff: 30 days from date of Defendant's *Debenedetto* disclosure.

Defendant: 60 days from the date of Defendant's *Debenedetto* disclosure.

**MOTIONS TO DISMISS**:

Defendant's Fed. R. Civ. P. 12(b) motion was filed on August 19, 2022 and is pending at this time.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

Plaintiff: 270 days after Defendant's answer.

Defendant: 330 days after Defendant's answer.

Supplemental: In accordance with Fed. R. Civ. P. 26.

*[The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).]*

**COMPLETION OF DISCOVERY**:

Eighteen months after the Court's ruling on the Motion to Dismiss.

**MOTIONS FOR SUMMARY JUDGMENT**:

Not later than 120 days prior to the Final Pretrial Conference.

**CHALLENGES TO EXPERT TESTIMONY**:

No later than 90 days prior to trial.

## Discovery

**DISCOVERY NEEDED**:

Plaintiffs contend that discovery is needed on the following subjects: (1) all matters relating to the Defendant's statements, including the sources of the statements, if any, the publication of the statements, and communications between Defendant and subscribers and readers of his substack, Twitter followers and users, and other third-parties relating to the events that occurred on January 4-6, 2021; (2) all matters relating to

6

Defendant's actual malice; (3) Defendant's motive and bias against Plaintiffs and whether Defendant engaged in a deliberate and coordinated effort to target and hurt the Plaintiffs; and (4) all matters relating to the damages caused by Defendants' defamation, false light invasion of privacy, and conspiracy.

Defendant contends that discovery will be needed concerning all claims, defenses and issues in these proceedings including all allegations set forth in Plaintiff's operative complaint. Defendant reserves his right to describe further discovery needed until after the Court rules on his Motion to Dismiss, which was filed with the Court on August 19, 2022.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

30 days after the Court rules on Defendant's Motion to Dismiss.

**INTERROGATORIES**:

Each party may serve a maximum of twenty-five (25) interrogatories including discrete subparts on any other party.

**REQUESTS FOR ADMISSION**:

Each party may serve a maximum of thirty (30) requests for admission on any other party.

**DEPOSITIONS**:

A maximum of ten (10) depositions by Plaintiffs and ten (10) depositions by Defendant shall be allowed without leave of Court. Each deposition shall be limited to a maximum of 7 unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**:

The parties will meet and confer regarding Electronic Information Disclosures and will submit at a future date a proposed "ESI Order" as necessary.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**:

The parties will meet and confer as necessary regarding the terms of any stipulated protective order(s) that will address the disclosure and handling of confidential material(s), so as to facilitate discovery in this action.

### Other Items

**SETTLEMENT POSSIBILITIES**:

Cannot be evaluated prior to completion of discovery.

**JOINT STATEMENT RE: MEDIATION**:

Plaintiffs do not plan to pursue mediation. Defendant has not determined yet whether to pursue mediation. If Counsel believes that mediation would be fruitful before or after pursuing discovery and/or filing summary judgment motions, Counsel will request mediation with a private mediator. The parties will update the Court on the status of mediation on or before June 30, 2023.

**TRIAL ESTIMATE**:

Ten (10) days.

**WITNESSES AND EXHIBITS**:

In accordance with the final pretrial order.

**FINAL PRETRIAL CONFERENCE**:

10 (ten) days prior to trial.

**OTHER MATTERS**:

Plaintiffs: None.

Defendant: None.

**DATED:** September 7, 2022

*Counsel for the Plaintiffs*

By:*/s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
*Pro Hac Vice*

Bryan K. Gould (NH Bar # 8165)
gouldb@cwbpa.com
CLEVELAND, WATERS AND BASS, P.A.
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
Telephone: 603-224-7761
Facsimile: 603-224-6457

*Counsel for the Defendant*

By:_____
Christian H. Hinrichsen, # 264970
Stephanie Bendeck, *Pro Hac Vice*
Melick & Porter, LLP
1 Liberty Square, 7th Floor
Telephone: (617) 523-6200
chinrichsen@melicklaw.com
sbendeck@melicklaw.com

William E. Christie, # 11255
wchristie@shaheengordon.com
Timothy J. McLaughlin, # 19570
tmclaughlin@shaheengordon.com
Shaheen & Gordon, P.A
P.O. Box 2703
Concord, NH 03302
Telephone: (603) 225-7262
Facsimile: (603) 225-5112