# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

_____
:
ROBERTY PATRICK LEWIS, ET AL.  :
:
        Plaintiffs,  :    Civil Action No. 22-cv-00126-PB
:
    v.  :
:
SETH ABRAMSON,  :
:
        Defendant.  :
_____:

## DEFENDANT'S REPLY IN SUPPORT OF HIS PARTIALLY ASSENTED-TO MOTION TO AMEND DISCOVERY PLAN

NOW COMES Defendant Seth Abramson ("Abramson") and submits this Reply in Support of His Partially Assented-to Motion to Amend the parties' Discovery Plan to extend discovery by 90 days.

As an initial matter, Plaintiffs in their opposition concede that at least some extension of discovery and other deadlines is necessary to accommodate the current status of discovery and to allow sufficient time for the parties to resolve several outstanding discovery disputes. Accordingly, at minimum, the Court should grant an extension of deadlines up to and including the dates proposed by Plaintiffs in their opposition.

**I.  Plaintiffs only recently disclosed seven new witnesses after Abramson filed his Motion to Amend the parties' Discovery Plan, which further supports Abramson's requested 90-day extension of discovery.**

Two days after Abramson filed his Motion to Amend the parties' Discovery Plan, Plaintiffs served supplemental initial disclosures under Fed. R. Civ. P. 26(a), in which they disclosed for the first time seven new witnesses. These belated disclosures provide an additional basis for extending the deadlines as Abramson requests.

Plaintiffs' belated disclosure was made over two years after Plaintiffs' original Rule 26(a) disclosures in September 2022. Plaintiffs have not explained why these newly disclosed witnesses were not disclosed months or years ago. According to Plaintiffs' disclosure, those newly revealed witnesses purportedly have discoverable information relevant to Plaintiffs' alleged lost business opportunities for proof of damages (four new witnesses) and to Plaintiffs' alleged activities on January 6, 2021 (three new witnesses, all law enforcement officers). However, Plaintiffs' belated disclosure fails to include basic information that the rules require, such as contact information and a meaningful summary of the witnesses' knowledge.

Given the unduly delayed disclosure of these new witnesses and Plaintiffs' failure to provide any sort of contact information for most of them, these disclosures provide an additional reason that Abramson needs the full requested 90-day extension of discovery to allow him to investigate the location, contact information, and potential relevance of those seven new witnesses and to decide whether to potentially depose them.

## II. Abramson was not dilatory in his pursuit of discovery and resolving various discovery disputes.

Plaintiffs make several misleading statements in their opposition in an effort to portray Abramson as having unduly delayed discovery. Not so.

Plaintiffs have not even attempted to offer contrary evidence to establish an alternative timeline to the one Abramson presented in his opening Memorandum of Law through submission of affidavits or other proof. Rather, Plaintiffs present an incomplete version of the events described in detail in Abramson's motion and fail to acknowledge their role in delaying the completion of discovery.

Plaintiffs further make several factually incorrect or misleading statements. First, contrary to Plaintiffs' assertion, Abramson's former lead counsel was not a "solo practitioner," but rather was a former attorney at Shaheen & Gordon, a prominent New Hampshire-based firm with over forty attorneys across its offices.[1] Accordingly, when Abramson learned in July 2024 that his chosen lead counsel was no longer employed by Shaheen & Gordon and no longer practicing law, Abramson promptly retained another prominent New Hampshire firm with experience in New Hampshire defamation law to replace Shaheen & Gordon as his lead counsel, with undersigned counsel appearing in August 2024. *See* Dkt. No. 47-2, Exhibit A, Aff. of Seth Abramson at ¶¶ 4-7; *see also* Dkt. Nos. 33, 34.

Second, Plaintiffs misleadingly suggest that Abramson "did not provide supplemental documents until November 6, 2024." That is not accurate. In response to Plaintiffs' July 18 letter, Abramson produced nearly four hundred pages of documents, as well as several videos and audio recordings, on September 6, 2024. *See* Dkt. No. 47-3, Exhibit B, Aff. of I. Burghard ("Burghard Aff.") at ¶¶ 4, 6. It was after reviewing Plaintiffs' supplemental production on September 9, 2024 that Abramson identified several continued significant deficiencies in Plaintiffs productions, including the failure to produce any documents or communications regarding security provided to high-profile figures such as General Michael T. Flynn, which Plaintiffs have discussed publicly. After Plaintiffs served additional supplemental written discovery responses on October 24, 2024, Abramson identified additional continued significant deficiencies in Plaintiffs' discovery responses. *See id.* at ¶¶ 9, 11; *see also* Dkt. No. 47-4, Exhibit C, November 1, 2024 Letter (the "November 1 Letter").

---

[1] *See* https://www.shaheengordon.com/ ("Our firm of more than 40 lawyers in New England delivers strong legal representation in many areas of law … .").

Accordingly, a little over a week later, Abramson followed up with a letter to Plaintiffs on November 1, 2024 detailing the significant concerns Abramson continued to have with Plaintiffs' discovery responses. *See* Dkt. No. 47-3, Burghard Aff. at ¶ 11; *see also* Dkt. No. 47-4, November 1 Letter. That same day, Abramson served his own supplemental written discovery responses, and provided related documents less than a week later. *See* Dkt. No. 47-3, Burghard Aff. at ¶¶ 10, 13.

Contrary to Plaintiffs' assertions in their opposition, these discovery disputes came to a head in November because of Plaintiffs' own delay in producing documents and providing supplemental written discovery, not because of any dilatory conduct by Abramson. And Plaintiffs' continued deficient discovery responses and document productions have required Abramson to serve additional interrogatories seeking information about, among other things, the process by which Plaintiffs preserved and searched for documents responsive to Abramson's discovery requests, the responses to which are due on December 18. *See id.* at ¶ 19. Following up on those forthcoming responses, as well as on Plaintiffs' supplemental damages interrogatory answers served in late November, will require additional time for discovery.

Third, Plaintiffs assert that Abramson has repeatedly refused to provide dates for depositions. It makes little sense to schedule depositions until the lingering document production and other discovery issues have been resolved. Further, Abramson has now asked Plaintiffs several times about scheduling depositions of both parties in January 2025, *see id.* at ¶ 17—most recently in an email from undersigned counsel on December 2, 2024— and Plaintiffs still have not responded with proposed dates.

Plaintiffs' own undue delays during discovery justify the Court granting Abramson's requested 90-day extension of discovery and other deadlines.

**III.    There is no prejudice to Plaintiffs in granting the requested extension where Plaintiffs have benefited from their own dilatory tactics.**

Plaintiffs assert that they will be prejudiced by Abramson's requested extension because "Plaintiffs' names continue to be dragged through the mud with regurgitations of Defendant's lies" and Plaintiffs want to "clear their names." But there is absolutely no evidence that Abramson has been "regurgitati[ng]" or republishing the alleged defamatory statements, and much of the alleged harm to Plaintiffs identified in response to damages interrogatories has been in relation to allegedly lost business opportunities that have since passed. Moreover, this purported prejudice assumes that Plaintiffs will prevail on the merits. If one assumes that Plaintiffs were not defamed, this argument evaporates.

In any event, any delay in completing discovery and proceeding to trial is largely due to Plaintiffs' own conduct in providing incomplete discovery responses and resisting production of certain documents. It would be unfair to allow Plaintiffs to benefit from their own dilatory conduct to cut short Abramson's legitimate discovery efforts.

## PRAYER FOR RELIEF

WHEREFORE, Abramson respectfully requests that this Honorable Court:

A.    Extend the schedule in the above-referenced matter as requested in his Partially Assented-to Motion to Amend the parties' Discovery Plan; and

B.    Grant such other relief as may be just and proper.

| | |
|---|---|
| Date: December 18, 2024 | Respectfully Submitted,<br><br>SETH ABRAMSON<br><br>By his attorneys,<br>BERNSTEIN SHUR, SAWYER & NELSON, P.A.<br><br>*/s/ Edward J. Sackman*<br>Edward J. Sackman, N.H. Bar #19586<br>Richard C. Gagliuso, N.H. Bar #874<br>670 N. Commercial Street, Suite 108<br>P.O. Box 1120<br>Manchester, New Hampshire 03105<br>(603) 623-8700<br>nsackman@bernsteinshur.com<br>rgagliuso@bernsteinshur.com |