UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
------------------------------------------------------x
ROBERT PATRICK LEWIS,           :
PHILIP A. LUELSDORFF,           :
1AP, INC.                       :
                                :
        Plaintiffs,             :
                                :
v.                              :        Case No. 1:22-cv-00126-PB
                                :
                                :
SETH ABRAMSON                   :
                                :
        Defendant.              :
------------------------------------------------------x
```

**PLAINTIFF 1AP, INC.'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES TO**

Plaintiff 1AP, Inc., by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

**INTERROGATORIES**

1.      Please identify the person executing the answers to these interrogatories on your behalf, giving the person's full name, date of birth, last known address, business address, and job title with/or relationship to 1AP, Inc.

1

**OBJECTIONS**: Plaintiff objects to the extent that this request seeks confidential personal information, which is unnecessary to the resolution of this litigation.

**RESPONSES**: Subject to the foregoing objections Plaintiff responds as follows:

1. Robert Patrick Lewis, Founder and Chairman of 1AP (contact through counsel).

2. Identify which portion of each Statement you consider to be false or inaccurate.

**OBJECTIONS**: Plaintiff objects on the ground that this is a compound request seeking a response to seven (7) individual statements by the definition of the term Statement. This renders this request actually seven (7) separate interrogatories. Plaintiff further objects that this is a contention interrogatory, seeks the entire factual basis for Plaintiff's allegations, which may be properly deferred until the end of discovery.

**RESPONSES**: Subject to the foregoing objections Plaintiff responds as follows:

(a) Statement 4 accuses Plaintiff Lewis of being a dangerous domestic insurgent while discussing the January events as a domestic insurgency. This statement is false because Plaintiff Lewis is not a dangerous domestic insurgent and was not involved in the events of January 6 that Defendant has referred to as a domestic insurgency. In addition, any statement relating to Plaintiff Lewis as a "danger to America" is false. Finally, Plaintiff Lewis lacks knowledge to assess the truth or falsity of the rest of the claims that do not relate to him.

(b) Statement 5 accuses 1AP of playing a supporting role in an insurrection. This is false.

(c) Statement 6 accuses 1AP with seditious activity and could be understood to state that 1AP was involved in or otherwise supportive of the attack on the Capitol on January 6, 2021. This is false as 1AP was not involved in or otherwise supportive of such events, nor did it engage in any seditious activity.

(d) Statement 25 accuses Plaintiff Lewis of being a participant in the "war room" in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(e) Statement 34 accuses 1AP of having a war room in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(f) Statement 37 accuses Michael Kenney of issuing a death threat on behalf of 1AP leadership and accuses 1AP of allegedly threating to kill a federal witness for the January 6 Committee. These statement are false.

(g) Statement 38 accuses Plaintiff Luelsdorff of observing the January 6, 2021 attack on the Capitol from the Willard war room, which carried the defamatory implication that he or 1AP were somehow involved in the planning or execution of that attack. This is false.

3.   Describe in detail your activities from January 4, 2021 through January 7, 2021, including who you interacted with, where you went, and what the purpose of your interactions were.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case. This case is about Statements, which center on Plaintiffs' collective involvement or lack thereof, in the events of January 6, 2021. This request contains no limitation on the subject matter of who Plaintiffs interacted with or on what subjects or topics for a multiple day period.

**RESPONSE**: Subject to the foregoing objections, Plaintiff responds as follows:

**January 4, 2021**: To the best of my recollection, I traveled from LAX to IAD arriving late in the evening. I then proceeded to my hotel for the evening.

**January 5, 2021**: Around 8:45am, I headed into DC from Arlington to meet with my team and Cindy Chafian at Freedom Plaza. Our team spent the day into the night at Freedom Plaza. As that was the only 1AP event scheduled for DC that weekend, our team members who weren't tasked with guarding local DC MSM affiliate reporters on January 6 or General Flynn were all released on their own recognizance when the January 5 event at Freedom Plaza ended. I returned to my hotel shortly after midnight.

**January 6, 2021**: Around 8am, I began to travel from Arlington into DC for the speech at the Ellipse. The only other actions by 1AP members on this day were protecting four small groups of people: one with General Flynn, and three with the DC affiliate reporters and cameramen. General Flynn released his group, including Geoffrey Flohr and Philip Leuelsdorff by midmorning.

I met up with Philip at the Ellipse event where we flagged down Ali Alexander who asked a member of his team to provide us passes to the event. Philip and I left the event early and went to the Willard to find warmth, food, and coffee. At the Willard, we went up to Cindy Chafian and her husband's room, where we first learned of what was happening at the Capitol. Around this time, one of the 1AP team leaders contacted me to tell us that one of our members who had been providing PSD for the

4

local news affiliate had left his assignment for personal reasons. While watching the news, I also sent a tweet that has been taken out of context before deciding to head back to my hotel.

Around 2:45pm, I traveled back to my hotel where I remained until heading back into DC around 5pm. I went back to the Willard, where I spoke with Philip and Cindy Chafian again. I left to return to my hotel again around 2am on January 7, 2021.

**January 7, 2021**: I returned to my hotel early in the morning from DC. I remained at the hotel until around 2pm when I went to a meeting in Arlington to discuss potential work with a couple of potential clients.

4.      Set forth the complete factual basis to support your allegation that Mr. Abramson acted with malice in making each Statement.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions and the presentation of proofs that will be presented at trial.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Defendant is a journalist that has extensive experience and published many statements, articles, blog posts, and other publications about the events of January 6, 2021. In preparing these statements, he reviewed articles by other publications, public records, and other information. The combined information available in these records would have shown that Plaintiff had no connection to anything to do with the events of January 6, 2021. Indeed, there is no evidence to support the Statements that Plaintiffs were involved in the planning or execution of the attack

5

on the Capitol or any efforts to overturn the 2020 election. Given the total mix of information known to Abramson, the fictitious stories about Plaintiffs were so highly improbable that Abramson either had serious doubts as to the accuracy of the Statements and the veracity of any sources or he acted with reckless disregard for the truth. In addition, the extreme and outrageous nature of the Statements give rise to an inference of actual malice. Abramson harbors a deep animosity, hostility, hatred, extreme bias, spite and ill-will towards President Trump, General Flynn and other prominent Republicans, against whom Abramson has engaged in regular *ad hominem* attacks. This pattern of animus is additional evidence of actual malice. Finally, Abramson exhibited no standards of acceptable journalistic integrity by writing, editing, and publishing the false narratives about Plaintiffs, which supports a finding of actual malice.

5.   Set forth the complete factual basis to support your allegation that Mr. Abramson knew that each Statement was false at the time that each Statement was made, including a complete identification of the information that you claim was available to Mr. Abramson at the time that each Statement was made.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant. What

information Defendant possessed is readily within his own knowledge and possession.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: First, neither Plaintiff Lewis nor Plaintiff Luelsdorff were at the Capitol on January 6, 2021. This is public information, and no truthful information could have provided that either of them were at the Capitol. Second, Plaintiff Lewis made public statements prior to January 6, 2021, that he believed political violence and/or civil war were the absolute worst outcome that could be considered, based on his own historical studies and firsthand experience in nations besieged by political violence. Third, Defendant failed to include any contextual information in his reporting that went against his own narrative. Rather, he intentionally chery-picked information to suit his own pre-determined narrative that 1AP and Plaintiffs Lewis and Luelsdorff were involved in the planning and execution of the attack on the Capitol on January 6, 2021.

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy

7

and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and associated for-profit organization, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

7.   Describe how 1AP was affected, if at all, after each Statement was published. If you are claiming that the publication of each Statement had a cumulative effect, please include in your answer a detailed description of that cumulative effect following the publication of each Statement. Do not generally repeat the allegations in your Amended Complaint.

**RESPONSE:**  Subject to ongoing discovery, Plaintiff responds as follows: The January 6 Committee, based on media reports, subpoenaed 1AP and Plaintiff Lewis resulting in significant legal fees and public damage to reputation. Defendant bragged about the result of his reporting on his X and Substack accounts, where he profits off viewership. This professional and personal reputation harm extended to impacts on Plaintiff Lewis's ability to hold a job and to 1AP's ability to retain clients for their work. The reputational harm is even more widespread, resulting in many individuals refusing to do business or maintain friendly relationships with Plaintiff Lewis or 1AP. There is an obvious cumulative effect as the spread of the information continues. The full extent of this damage will only be available after discovery on damages is completed.

8.   Set forth 1AP's strategy for providing security detail at the events which were scheduled to occur on January 5, 2021 and January 6, 2021.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory seeks information that is proprietary to 1AP and/or a trade secret. Plaintiff further objects on the grounds that this request is not relevant to any claim or defense in this

8

action and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

9. Describe in detail the directives that were given by 1AP to Michael Kenny with respect to Staci Burk in 2021 and 2022.

**RESPONSE:** All 1AP members were volunteers, so in the most realistic sense, they couldn't be directed or ordered to do anything. Michael Kenny was only asked to do two things relating to Staci Burk in 2021 and he volunteered for another action. Kenny was asked to be a part of the first 1AP team in Arizona protecting Ms. Burk. Kenny volunteered to FedEx a phone (believed to be Ms. Burk's phone) to Burk. Kenny was also instructed, like all 1AP members, not to interact with Ms. Burk in January of 2021. There were no instructions related to Ms. Burk in 2022.

10. Describe in detail the activities of 1AP at the Willard Intercontinental Hotel on January 5, 2021 and January 6, 2021.

**RESPONSE:** 1AP did not pay for anyone to get rooms at The Willard in that date range, nor did we have any group activities at The Willard in that date range. Most 1AP members stayed a different hotel in Arlington for the January 5 event, not the Willard.

9

As the majority of the 1AP team had no duties on January 6, most checked out of their hotel rooms the morning of January 5 before heading to Freedom Plaza. On January 5, some 1AP member used Willard Hotel as a meeting spot. After the January 5 event some who lived within driving distance drove home that night. One member of 1AP, Geoffrey Flohr, had a hotel room at the Willard, due to his work protecting General Flynn.

1AP had no activities as a group at The Willard Hotel on January 6. Any 1AP activity on January 6 ended by early afternoon when the team providing PSD for the local DC media affiliates like ABC, CBS, and NBC were finished for the day when the film crews were finished, which was around early afternoon.

11. Does 1AP believe that the Declaration of Independence requires the overthrow of the United States government if 1AP believes that the United States government has become totally corrupted?

**OBJECTIONS**: Plaintiff objects on the ground that this request is vague, ambiguous, overly broad, and disproportionate to the needs of this case as it is utterly irrelevant. This case is about seven statements relating to the actions of Plaintiff and 1AP on January 6, 2021, which is entirely divorced from Defendant's delusional beliefs suggested in this interrogatory.

**RESPONSE**: Subject to the foregoing objections Plaintiff responds as follows: No.

12. For each expert witness whom you expects to call at the trial of this action, and whom you have retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state: the name, business address, residential address, educational and employment history; the subject matter on which each such expert witness is expected to testify or was retained or employed to consider; the substance of the

10

facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds of work product privilege and that it seeks information beyond what is permitted by Rule 26(b)(4)(C) and (D).

**RESPONSE:** Without waiving the above objections, this response will be supplemented upon designation of Plaintiff's testifying expert(s).

13.   Please identify each and every witness you intend to call at the trial of this action including the witness's name, address, and substance of the witness's testimony.

**OBJECTIONS:** Plaintiff objects on the grounds that this request is premature and calls for attorney work product and mental impressions of counsel. Plaintiff will disclose this information within the time frame applicable under Rule 26 of the Federal Rules of Civil Procedure.

14.   Describe each activity which generated monetary revenue for 1AP that 1AP conducted after the publication of each Statement and set forth the amount of revenue generated from each.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad and unduly burdensome, seeking information that is proprietary to 1AP and/or a trade secret.

**RESPONSE:**   Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after

moving for an appropriate protective order if an agreement on a protective order is not possible.

15. Set forth each lost business opportunity you contend was lost because of the publication of any Statement. In your description, please include the following: (1) identify the party offering the business opportunity; (2) a complete and detailed description of the business opportunity; (3) the fee and/or revenue and/or payment that you were to receive from the business opportunity; (4) the reason that the offeror stated for withdrawing or cancelling the opportunity; and (5) which Statement you contend caused the loss.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory seeks information that is proprietary to 1AP and/or a trade secret.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

5/3/24
Date

1AP, Inc.

Dated: May 3, 2024

1AP, INC.
*By Counsel*

/s/     *Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
(703) 888-1943
Fax: (703) 888-1930
jason@binnall.com


Bryan K. Gould (NH Bar # 8165)
CLEVELAND, WATERS AND BASS, P.A.
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
Fax: (603) 224-6457
gouldb@cwbpa.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that on May 3, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:

> Christian H. Hinrichsen, # 264970
> Stephanie Bendeck, *Pro Hac Vice*
> MELICK & PORTER, LLP
> 1 Liberty Square, 7th Floor
> Boston, MA 02109
> chinrichsen@melicklaw.com
> sbendeck@melicklaw.com

William E. Christie, # 11255
James J. Armillay, #271651
SHAHEEN & GORDON, P.A
P.O. Box 2703
Concord, NH 03302
wchristie@shaheengordon.com
jarmillay@shaheengordon.com

*Attorneys for Defendant*

/s/     *Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*