UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------x
ROBERT PATRICK LEWIS,                :
PHILIP A. LUELSDORFF,                :
1AP, INC.                            :
                                     :
    Plaintiffs,                      :
                                     :
v.                                   :   Case No. 1:22-cv-00126-PB
                                     :
                                     :
SETH ABRAMSON                        :
                                     :
    Defendant.                       :
------------------------------------------------------x

**PLAINTIFF LEWIS'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Robert P. Lewis, by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

**INTERROGATORIES**

1. Identify which portion of each Statement you consider to be false or inaccurate.

1

**OBJECTIONS**: Plaintiff objects on the ground that this is a compound request seeking a response to seven (7) individual statements by the definition of the term Statement. This renders this request actually seven (7) separate interrogatories. Plaintiff further objects that this is a contention interrogatory seeks the entire factual basis for Plaintiff's allegations, which may be properly deferred until the end of discovery.

**RESPONSES**: Subject to the foregoing objections Plaintiff responds as follows:

(a) Statement 4 accuses Plaintiff Lewis of being a dangerous domestic insurgent while discussing the January events as a domestic insurgency. This statement is false because Plaintiff Lewis is not a dangerous domestic insurgent and was not involved in the events of January 6 that Defendant has referred to as a domestic insurgency. In addition, any statement relating to Plaintiff Lewis as a "danger to America" is false. Finally, Plaintiff Lewis lacks knowledge to assess the truth or falsity of the rest of the claims that do not relate to him.

(b) Statement 5 accuses 1AP of playing a supporting role in an insurrection. This is false.

(c) Statement 6 accuses 1AP of seditious activity and could be understood to state that 1AP was involved in or otherwise supportive of the attack on the Capitol on January 6, 2021. This is false as 1AP was not involved in or otherwise supportive of such events, nor did it engage in any seditious activity.

(d) Statement 25 accuses Plaintiff Lewis of being a participant in the "war room" in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(e) Statement 34 accuses 1AP of having a war room in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(f) Statement 37 accuses Michael Kenney of issuing a death threat on behalf of 1AP leadership and accuses 1AP of allegedly threating to kill a federal witness for the January 6 Committee. These statement are false.

(g) Statement 38 accuses Plaintiff Luelsdorff of observing the January 6, 2021 attack on the Capitol from the Willard war room, which carried the defamatory implication that he or 1AP were somehow involved in the planning or execution of that attack. This is false.

Plaintiff reserves the right to supplement these responses as discovery progresses.

2.   Identify which portion of each Statement you consider to be true.

**OBJECTIONS**: Plaintiff objects on the ground that this is a compound request seeking a response to seven (7) individual statements by the definition of the term Statement. This renders this request actually seven (7) separate interrogatories. Plaintiff further objects that this is a contention interrogatory seeks the entire factual basis for Plaintiff's allegations, which may be properly deferred until the end

3

of discovery. Plaintiff finally objects that this interrogatory calls for a legal conclusion relating to the truth of statements and may require information that is not within Plaintiff's possession.

**RESPONSES**: Subject to the foregoing objections Plaintiff responds as follows:

    (a) Statement 4: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 4 about Plaintiff Lewis are false.

    (b) Statement 5: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 5 about 1AP are false.

    (c) Statement 6: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 6 about 1AP are false.

    (d) Statement 25: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 25 about Plaintiff Lewis are false.

    (e) Statement 34: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 34 about 1AP are false.

    (f) Statement 37: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 37 about 1AP or threats made on its behalf are false.

   (g) Statement 38: Plaintiff Lewis is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 38 about Plaintiff Luelsdorff are false.

3.   Describe in detail your activities from January 4, 2021 through January 7, 2021, including who you interacted with, where you went, and what the purpose of your interactions were.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case. This case is about Statements, which center on Plaintiffs' alleged, collective involvement or lack thereof, in the event of January 6, 2021. This request contains no limitation on the subject matter of who Plaintiffs interacted with or on what subjects or topics for a multiple day period.

**RESPONSE:**

**January 4, 2021**: To the best of my recollection, I traveled from LAX to IAD arriving late in the evening. I then proceeded to my hotel for the evening.

**January 5, 2021**: Around 8:45am, I headed into DC from Arlington to meet with my team and Cindy Chafian at Freedom Plaza. Our team spent the day into the night at Freedom Plaza. As that was the only 1AP event scheduled for DC that weekend, our team members who weren't tasked with guarding local DC MSM affiliate reporters on January 6 or General Flynn were all released on their own recognizance when the January 5 event at Freedom Plaza ended. I returned to my hotel shortly after midnight.

**January 6, 2021**: Around 8am, I began to travel from Arlington into DC for the speech at the Ellipse. The only other actions by 1AP members on this day were protecting four small groups of people: one with General Flynn, and three with the DC affiliate reporters and cameramen. General Flynn released his group, including Geoffrey Flohr and Philip Leuelsdorff by midmorning.

5

I met up with Philip at the Ellipse event where we flagged down Ali Alexander who asked a member of his team to provide us passes to the event. Philip and I left the event early and went to the Willard to find warmth, food, and coffee. At the Willard, we went up to Cindy Chafian and her husband's room, where we first learned of what was happening at the Capitol. Around this time, one of the 1AP team leaders contacted me to tell us that one of our members who had been providing PSD for the local news affiliate had left his assignment for personal reasons. While watching the news, I also sent a tweet that has been taken out of context before deciding to head back to my hotel.

Around 2:45pm, I traveled back to my hotel where I remained until heading back into DC around 5pm. I went back to the Willard, where I spoke with Philip and Cindy Chafian again. I left to return to my hotel again around 2am on January 7, 2021.

**January 7, 2021**: I returned to my hotel early in the morning from DC. I remained at the hotel until around 2pm when I went to a meeting in Arlington to discuss potential work with a couple of potential clients.

4. Set forth the complete factual basis to support your allegation that Mr. Abramson acted with malice in making each Statement.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions and the presentation of proofs that will be presented at trial.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Defendant is a journalist that has extensive experience and published many statements, articles, blog posts, and other publications about the events of January 6, 2021. In preparing these statements, he reviewed articles by other publications,

6

public records, and other information. The combined information available in these records would have shown that Plaintiff had no connection to anything to do with the events of January 6, 2021. Indeed, there is no evidence to support the Statements that Plaintiffs were involved in the planning or execution of the attack on the Capitol or any efforts to overturn the 2020 election. Given the total mix of information known to Abramson, the fictitious stories about Plaintiffs were so highly improbable that Abramson either had serious doubts as to the accuracy of the Statements and the veracity of any sources or he acted with reckless disregard for the truth. In addition, the extreme and outrageous nature of the Statements gives rise to an inference of actual malice. Abramson harbors a deep animosity, hostility, hatred, extreme bias, spite and ill-will towards President Trump, General Flynn and other prominent Republicans, against whom Abramson has engaged in regular *ad hominem* attacks. This ill-will is additional evidence of actual malice. Finally, Abramson exhibited no acceptable standards of journalistic integrity in writing, editing, and publishing the false narratives about Plaintiffs, which supports a finding of actual malice. Plaintiff reserves the right to supplement these responses as discovery progresses.


5.   Set forth the complete factual basis to support your allegation that Mr. Abramson knew that each Statement was false at the time that each Statement was made, including a complete identification of the information that you claim was available to Mr. Abramson at the time that each Statement was made.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent it is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant. What information Defendant possessed is readily within his own knowledge and possession.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: First, neither Plaintiff Lewis nor Plaintiff Luelsdorff were at the Capitol on January 6, 2021. This is public information, and no truthful information could have provided that either of them were at the Capitol. Second, Plaintiff Lewis made public statements prior to January 6, 2021, that he believed political violence and/or civil war were the absolute worst outcome that could be considered, based on his own historical studies and firsthand experience in nations besieged by political violence. Third, Defendant failed to include any contextual information in his reporting that went against his own narrative. Rather, he intentionally cherry-picked information to suit his own pre-determined narrative that 1AP and Plaintiffs Lewis and Luelsdorff were involved in the planning and execution of the attack on the Capitol on January 6, 2021.

6.  State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

RESPONSE:  Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and for-profit organizations, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

7.     Describe how you were affected, if at all, after each Statement was published. If you are claiming that the publication of each Statement had a cumulative effect, please include in your answer a detailed description of that cumulative effect following the publication of each Statement. Do not generally repeat the allegations in your Amended Complaint.

RESPONSE:  Subject to ongoing discovery, Plaintiff responds as follows: The January 6 Committee, based on media reports, subpoenaed 1AP and Plaintiff Lewis resulting in significant legal fees and public damage to reputation. Defendant bragged about the result of his reporting on his X and Substack accounts, where he profits off viewership. This professional and personal reputational harm further impacted Plaintiff Lewis's ability to hold a job and to 1AP's ability to retain clients for their work. The reputational harm is even more widespread, resulting in many individuals refusing to do business or maintain friendly relationships with Plaintiff Lewis or 1AP. There is an obvious, as Defendant desired, cumulative effect as the

spread of the information continues. The full extent of this damage will only be available after discovery on damages is completed.

8. Do you believe that the Declaration of Independence requires the overthrow of the United States government if you believe that the United States government has become totally corrupted?

**OBJECTIONS:** Plaintiff objects on the ground that this request is vague, ambiguous, overly broad, and disproportionate to the needs of this case as it is utterly irrelevant. This case is about seven statements relating to the actions of Plaintiff and 1AP on January 6, 2021, which is entirely divorced from the Defendant's delusional belief suggested in this interrogatory.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: No.

9. Explain your definition of the term "wargaming" as you used it in your PTV interview on January 7, 2021. A complete transcript of the interview may be obtained through your attorney and is in the record as Exhibit 4 to Defendant's Motion to Dismiss your Amended Complaint.

**RESPONSE:** As in the common lexicon of marketing agencies across the country, business offices trying to decipher a game plan, football coaches trying to plan how to play the best against opponents, and in many other examples, "wargaming" is merely trying to ascertain the facts on the ground and determine what they mean, and how to act, react, or plan accordingly.

10. For each expert witness whom you expects to call at the trial of this action, and whom you have retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state: the name, business address, residential address, educational and employment history; the subject matter on which each such expert witness is expected to testify or was retained or employed to consider; the substance of the facts and opinions to which each such expert is expected to testify or was retained or

10

employed to consider; and a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds of work product privilege and that it seeks information beyond what is permitted by Rule 26(b)(4)(C) and (D).

**RESPONSE:** Without waiving the above objections, this response will be supplemented upon designation of Plaintiff's testifying expert(s).

11.  List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years for any conditions for which you are now claiming damages; and state as to each the dates of examination or treatment and the condition for which you were examined or treated.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad, unduly burdensome, not proportionate to the needs of this case, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discover of admissible evidence. This case is about damages relating to the publication of defamatory material and is not related to any medical treatment Plaintiff may have received 10 years ago.

12.  List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:** This information is provided in Plaintiff's initial disclosures, which will be supplemented as required.

13.     Set forth each lost business opportunity you contend was lost because of the publication of any Statement. In your description, please include the following: (1) identify the party offering the business opportunity; (2) a complete and detailed description of the business opportunity; (3) the fee and/or revenue and/or payment that you were to receive from the business opportunity; (4) the reason that the offeror stated for withdrawing or cancelling the opportunity.

**RESPONSE:** The largest impact has been the direct reputational harm suffered by Plaintiff Lewis and 1AP. Due to the severe impact of the reputational damage caused by Defendant, many individuals and business will not even offer an opportunity to work together for fear of retribution, targeting, or their own reputations being targeted and marred by hiring or working with someone who has been smeared and defamed with these types of defamatory statements.

In addition, there were multiple opportunities which were already in progress that were lost as a result of the entirety of the defamation. We will provide these upon the agreement of a confidentiality agreement that prevents revealing proprietary information, trade secrets, or confidential business information. Plaintiff reserves the right to supplement these responses as discovery progresses. Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

14.     Describe each activity which generated monetary revenue for you that you conducted after the publication of each Statement and set forth the amount of revenue generated from each.

**OBJECTIONS:** Plaintiff objects on the grounds that this request is overbroad and unduly burdensome seeking granular details about every source of monetary

revenue after the publication. This request is not proportional to the scope of the litigation and seeks to place a severe burden on Plaintiff.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

_5/3/24_  
Date

Robert P. Lewis

| | |
|---|---|
| Dated: May 3, 2024 | ROBERT P. LEWIS<br>*By Counsel*<br><br>*/s/     Jason C. Greaves*<br>Jason C. Greaves, *Pro Hac Vice*<br>BINNALL LAW GROUP<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314<br>(703) 888-1943<br>Fax: (703) 888-1930<br>jason@binnall.com<br><br>Bryan K. Gould (NH Bar # 8165)<br>CLEVELAND, WATERS AND BASS, P.A.<br>Two Capital Plaza, 5th Floor<br>P.O. Box 1137<br>Concord, NH 03302-1137<br>(603) 224-7761<br>Fax: (603) 224-6457<br>gouldb@cwbpa.com<br><br>*Attorneys for Plaintiffs* |

### CERTIFICATE OF SERVICE

I certify that on May 3, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:

> Christian H. Hinrichsen, # 264970
> Stephanie Bendeck, *Pro Hac Vice*
> MELICK & PORTER, LLP
> 1 Liberty Square, 7th Floor
> Boston, MA 02109

14

chinrichsen@melicklaw.com
sbendeck@melicklaw.com

William E. Christie, # 11255
James J. Armillay, #271651
SHAHEEN & GORDON, P.A
P.O. Box 2703
Concord, NH 03302
wchristie@shaheengordon.com
jarmillay@shaheengordon.com

*Attorneys for Defendant*

*/s/    Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*
