UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------x
ROBERT PATRICK LEWIS,                :
PHILIP A. LUELSDORFF,                :
1AP, INC.                            :
                                     :
     Plaintiffs,                   :
                                     :
v.                                   :   Case No. 1:22-cv-00126-PB
                                     :
                                     :
SETH ABRAMSON                        :
                                     :
     Defendant.                    :
------------------------------------------------------x

**PLAINTIFF LUELSDORFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Philip A. Luelsdorff, by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

**INTERROGATORIES**

1. Identify which portion of each Statement you consider to be false or inaccurate.

1

**OBJECTIONS**: Plaintiff objects on the ground that this is a compound request seeking a response to seven (7) individual statements by the definition of the term Statement. This renders this request actually seven (7) separate interrogatories. Plaintiff further objects that this is a contention interrogatory seeks the entire factual basis for Plaintiff's allegations, which may be properly deferred until the end of discovery.

**RESPONSE**: Subject to the foregoing objections, Plaintiff responds as follows:

(a) Statement 4 accuses Plaintiff Lewis of being a dangerous domestic insurgent while discussing the January events as a domestic insurgency. This statement is false because Plaintiff Lewis is not a dangerous domestic insurgent and was not involved in the events of January 6 that Defendant has referred to as a domestic insurgency. In addition, any statement relating to Plaintiff Lewis as a "danger to America" is false. Finally, Plaintiff Luelsdorff lacks knowledge to assess the truth or falsity of the rest of the claims that do not relate to him.

(b) Statement 5 accuses 1AP of playing a supporting role in an insurrection. This is false.

(c) Statement 6 accuses 1AP of seditious activity and could be understood to state that 1AP was involved in or otherwise supportive of the attack on the Capitol on January 6, 2021. This is false as 1AP was not involved in or otherwise supportive of such events, nor did it engage in any seditious activity.

(d) Statement 25 accuses Plaintiff Lewis of being a participant in the "war room" in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(e) Statement 34 accuses 1AP of having a war room in the Willard Hotel, which carries the defamatory implication that he was involved in the planning or execution of the events of January 6, 2021, or other attempts to overturn the 2020 election. This is false.

(f) Statement 37 accuses Michael Kenney of issuing a death threat on behalf of 1AP leadership and accuses 1AP of allegedly threating to kill a federal witness for the January 6 Committee. These statements are false.

(g) Statement 38 accuses Plaintiff Luelsdorff of observing the January 6, 2021, attack on the Capitol from the Willard war room, which carried the defamatory implication that he or 1AP were somehow involved in the planning or execution of that attack. This is false.

Plaintiff reserves the right to supplement these responses as discovery progresses.

2.    Identify which portion of each Statement you consider to be true.

**OBJECTIONS**: Plaintiff objects on the ground that this is a compound request seeking a response to seven (7) individual statements by the definition of the term Statement. This renders this request actually seven (7) separate interrogatories. Plaintiff further objects that this is a contention interrogatory seeks the entire factual basis for Plaintiff's allegations, which may be properly deferred until the end

3

of discovery. Plaintiff finally objects that this interrogatory calls for a legal conclusion relating to the truth of statements and may require information that is not within Plaintiff's possession.

**RESPONSE**: Subject to the foregoing objections Plaintiff responds as follows:

(a) Statement 4: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 4 about Plaintiff Lewis are false.

(b) Statement 5: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 5 about 1AP are false.

(c) Statement 6: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 6 about 1AP are false.

(d) Statement 25: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 25 about Plaintiff Lewis are false.

(e) Statement 34: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 34 about 1AP are false.

(f) Statement 37: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined

      above, the parts of Statement 37 about 1AP or threats made on its behalf are false.

  (g) Statement 38: Plaintiff Luelsdorff is not able to assess the truth of the parts of this statement that do not relate to him or 1AP. As outlined above, the parts of Statement 38 about Plaintiff Luelsdorff are false.

Plaintiff reserves the right to supplement these responses as discovery progresses.

3. Describe in detail your activities from January 4, 2021 through January 7, 2021, including who you interacted with, where you went, and what the purpose of your interactions were.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is disproportionate to the needs of the case. This case is about Statements, which center on Plaintiffs collective involvement or lack thereof, in the event of January 6, 2021. This request contains no limitation on the subject matter of who Plaintiffs interacted with or on what subjects or topics for a multiple day period.

**RESPONSE**: Subject to the foregoing objections, Plaintiff responds as follows:

**January 4, 2021**: I do not recall what I was doing on January 4, 2021, as it was an ordinary day over 3 years ago.

**January 5, 2021**: I headed to Freedom Plaza to meet with 1AP team. Our team spent the day into the night at Freedom Plaza. As that was the only 1AP event scheduled for DC that weekend, our team members who weren't tasked with guarding local DC MSM affiliate reporters on January 6 or General Flynn were all released on their own recognizance when the January 5 event at Freedom Plaza ended. I returned to my home after the event.

**January 6, 2021**: On January 6th, I reported at the Trump Hotel around 7am. Around 7:45am, I departed Trump Hotel to the Ellipse with General Flynn. After arrival, we were dismissed by General Flynn around 8:30am. Later on in the morning, I met with Robert at the Ellipse and left around 12:30pm to the Willard Hotel where we met with the Chafians. Around 3:30pm, I was asked by Cindy Chafian to escort some people to the Giuliani suite. I walked into the suite, stayed for a minute or 2 and was asked to leave since I was not essential personnel. I then left and returned to the Chafians and stayed until approximately 1:30am.

**January 7, 2021**: I returned to my home early in the morning, and I remained there until I met up with Robert in the early afternoon to discuss potential business.

4.   Set forth the complete factual basis to support your allegation that Mr. Abramson acted with malice in making each Statement.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions and the presentation of proofs that will be presented at trial.

**RESPONSE:**   Subject to the foregoing objections Plaintiff responds as follows: Defendant is a journalist that has extensive experience and published many statements, articles, blog posts, and other publications about the events of January 6, 2021. In preparing these statements, he reviewed articles by other publications, public records, and other information. The combined information available in these records would have shown that Plaintiff had no connection to anything to do with the events of January 6, 2021. Indeed, there is no evidence to support the Statements that Plaintiffs were involved in the planning or execution of the attack on the Capitol or any efforts to overturn the 2020 election. Given the total mix of

6

information known to Abramson, the fictitious stories about Plaintiffs were so highly improbable that Abramson either had serious doubts as to the accuracy of the Statements and the veracity of any sources or he acted with reckless disregard for the truth. In addition, the extreme and outrageous nature of the Statements gives rise to an inference of actual malice. Abramson harbors a deep animosity, hostility, hatred, extreme bias, spite and ill-will towards President Trump, General Flynn and other prominent Republicans, against whom Abramson has engaged in regular *ad hominem* attacks. This ill-will is additional evidence of actual malice. Finally, Abramson exhibited no journalistic integrity in writing, editing, and publishing the false narratives about Plaintiffs, which supports a finding of actual malice. Plaintiff reserves the right to supplement these responses as discovery progresses.

5. Set forth the complete factual basis to support your allegation that Mr. Abramson knew that each Statement was false at the time that each Statement was made, including a complete identification of the information that you claim was available to Mr. Abramson at the time that each Statement was made.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overbroad and unduly burdensome to the extent it is a contention interrogatory seeking the "complete factual basis" for allegations rendering it overbroad and unduly burdensome, particularly at this point in discovery. Plaintiff further objects to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant. What

7

information Defendant possessed is readily within his own knowledge and possession.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: First, neither Plaintiff Lewis nor Plaintiff Luelsdorff were at the Capitol on January 6, 2021. This is public information, and no truthful information could have provided that either of them were at the Capitol. Second, Plaintiff Lewis made public statements prior to January 6, 2021, that he believed political violence and/or civil war were the absolute worst outcome that could be considered, based on his own historical studies and firsthand experience in nations besieged by political violence. Third, Defendant failed to include any contextual information in his reporting that went against his own narrative. Rather, he intentionally cherry-picked information to suit his own pre-determined narrative that 1AP and Plaintiffs Lewis and Luelsdorff were involved in the planning and execution of the attack on the Capitol on January 6, 2021.

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy

8

information Defendant possessed is readily within his own knowledge and possession.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: First, neither Plaintiff Lewis nor Plaintiff Luelsdorff were at the Capitol on January 6, 2021. This is public information, and no truthful information could have provided that either of them were at the Capitol. Second, Plaintiff Lewis made public statements prior to January 6, 2021, that he believed political violence and/or civil war were the absolute worst outcome that could be considered, based on his own historical studies and firsthand experience in nations besieged by political violence. Third, Defendant failed to include any contextual information in his reporting that went against his own narrative. Rather, he intentionally cherry-picked information to suit his own pre-determined narrative that 1AP and Plaintiffs Lewis and Luelsdorff were involved in the planning and execution of the attack on the Capitol on January 6, 2021.

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy

8

and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and for-profit organizations, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

7. Describe how you were affected, if at all, after each Statement was published. If you are claiming that the publication of each Statement had a cumulative effect, please include in your answer a detailed description of that cumulative effect following the publication of each Statement. Do not generally repeat the allegations in your Amended Complaint.

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: The January 6 Committee, based on media reports, subpoenaed 1AP and Plaintiff Luelsdorff resulting in significant legal fees and public damage to reputation. Defendant bragged about the result of his reporting on his X and Substack accounts, where he profits off viewership. This professional and personal reputational harm further impacted Plaintiff Luelsdorff's ability to hold a job and 1AP's ability to retain clients for their work. The reputational harm is even more widespread, resulting in many individuals refusing to do business or maintain friendly relationships with Plaintiff Luelsdorff or 1AP. There is an obvious, as Defendant desired, cumulative effect as the spread of the information continues. The full extent of this damage will only be available after discovery on damages is completed.

8. Do you believe that the Declaration of Independence requires the overthrow of the United States government if you believe that the United States government has become totally corrupted?

9

**OBJECTIONS:** Plaintiff objects on the ground that this request is vague, ambiguous, overly broad, and disproportionate to the needs of this case as it is utterly irrelevant. This case is about seven statements relating to the actions of Plaintiff and 1AP on January 6, 2021, which is entirely divorced from the Defendant's delusional belief suggested in this interrogatory.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: No.

9. For each expert witness whom you expects to call at the trial of this action, and whom you have retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state: the name, business address, residential address, educational and employment history; the subject matter on which each such expert witness is expected to testify or was retained or employed to consider; the substance of the facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

**OBJECTIONS:** Plaintiff objects to this Request on the grounds of work product privilege and that it seeks information beyond what is permitted by Rule 26(b)(4)(C) and (D).

**RESPONSE:** Without waiving the above objections, this response will be supplemented upon designation of Plaintiff's testifying expert(s).

10. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years for any conditions for which you are now claiming damages; and state as to each the dates of examination or treatment and the condition for which you were examined or treated.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad, unduly burdensome, not proportionate to the needs of this case, and seeks

10

information that is irrelevant, immaterial, and not reasonably calculated to lead to the discover of admissible evidence. This case is about damages relating to the publication of defamatory material and is not related to any medical treatment Plaintiff may have received 10 years ago.

11.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:**  This information is provided in Plaintiff's initial disclosures, which will be supplemented as required.

12.     Set forth each lost business opportunity you contend was lost because of the publication of any Statement. In your description, please include the following: (1) identify the party offering the business opportunity; (2) a complete and detailed description of the business opportunity; (3) the fee and/or revenue and/or payment that you were to receive from the business opportunity; (4) the reason that the offeror stated for withdrawing or cancelling the opportunity.

**RESPONSE:**  Subject to the foregoing objections Plaintiff responds as follows: The largest impact has been the direct reputational harm suffered by Plaintiff Luelsdorff and 1AP. Due to the severe impact of the reputational damage caused by Defendant, many individuals and business will not even offer an opportunity to work together for fear of retribution, targeting, or their own reputations being targeted and marred by hiring or working with someone who has been smeared and defamed with these types of defamatory statements.

In addition, there were multiple opportunities which were already in progress that were lost as a result of the entirety of the defamation. We will provide these

11

upon the agreement of a confidentiality agreement that prevents revealing proprietary information, trade secrets, or confidential business information. Plaintiff reserves the right to supplement these responses as discovery progresses. Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

13. Describe each activity which generated monetary revenue for you that you conducted after the publication of each Statement and set forth the amount of revenue generated from each.

**OBJECTIONS:** Plaintiff objects on the grounds that this request is overbroad and unduly burdensome seeking granular details about every source of monetary revenue after the publication. This request is not proportional to the scope of the litigation and seeks to place a severe burden on Plaintiff.

**RESPONSE**: Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

May 3, 2024                                      _____
                                                 Philip Luelsdorff (May 3, 2024 17:27 EDT)
Date                                             Philip A. Luelsdorff

Dated: May 3, 2024                                                PHILIP A. LUELSDORFF
                                                                  *By Counsel*


                                                                  /s/ Jason C. Greaves
                                                                  Jason C. Greaves, *Pro Hac Vice*
                                                                  BINNALL LAW GROUP
                                                                  717 King Street, Suite 200
                                                                  Alexandria, Virginia 22314
                                                                  (703) 888-1943
                                                                  Fax: (703) 888-1930
                                                                  jason@binnall.com


                                                                  Bryan K. Gould (NH Bar # 8165)
                                                                  CLEVELAND, WATERS AND BASS, P.A.
                                                                  Two Capital Plaza, 5th Floor
                                                                  P.O. Box 1137
                                                                  Concord, NH 03302-1137
                                                                  (603) 224-7761
                                                                  Fax: (603) 224-6457
                                                                  gouldb@cwbpa.com

                                                                  *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I certify that on May 3, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:

      Christian H. Hinrichsen, # 264970
      Stephanie Bendeck, *Pro Hac Vice*
      MELICK & PORTER, LLP
      1 Liberty Square, 7th Floor
      Boston, MA 02109

    chinrichsen@melicklaw.com
    sbendeck@melicklaw.com

    William E. Christie, # 11255
    James J. Armillay, #271651
    SHAHEEN & GORDON, P.A
    P.O. Box 2703
    Concord, NH 03302
    wchristie@shaheengordon.com
    jarmillay@shaheengordon.com

    *Attorneys for Defendant*

    /s/ Jason C. Greaves
    Jason C. Greaves, *Pro Hac Vice*
    *Attorney for Plaintiffs*

# Luelsdorff response to ROGs (5)

Final Audit Report                                              2024-05-03

| | |
|---|---|
| Created: | 2024-05-03 |
| By: | Shawn Flynn (shawn@binnall.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA782IuSVT7WuKM_TM-8JhENwIU8VPBW8T |

## "Luelsdorff response to ROGs (5)" History

- Document created by Shawn Flynn (shawn@binnall.com)
  2024-05-03 - 9:24:04 PM GMT

- Document emailed to philipluelsdorff@gmail.com for signature
  2024-05-03 - 9:24:30 PM GMT

- Email viewed by philipluelsdorff@gmail.com
  2024-05-03 - 9:24:51 PM GMT

- Signer philipluelsdorff@gmail.com entered name at signing as Philip Luelsdorff
  2024-05-03 - 9:27:00 PM GMT

- Document e-signed by Philip Luelsdorff (philipluelsdorff@gmail.com)
  Signature Date: 2024-05-03 - 9:27:02 PM GMT - Time Source: server

- Agreement completed.
  2024-05-03 - 9:27:02 PM GMT

Adobe Acrobat Sign