

Jason Greaves
PARTNER

D: 571-467-0003
E: jason@binnall.com

November 8, 2024

BY EMAIL
Ned Sackman
nsackman@bernsteinshur.com

Richard C. Gagliuso
rgagliuso@bernsteinshur.com

Tyler Mills
tmills@melicklaw.com

    RE:  *Lewis et al. v. Abramson,* Case No. 1:22-cv-126-PB
           Response to November 1, 2024 Letter on Plaintiffs' Deficiencies

Dear Counsel,

    I write in response to your letter relating to alleged deficiencies in Plaintiffs' discovery responses and productions in the above-referenced matter. This letter is organized to correspond with the action items section of your letter, and it addresses most of your concerns. Please let me know if you would like to have another call to discuss any outstanding issues.

    *First,* the language "subject to the foregoing objections" does not imply that we are withholding any documents based on the objections. Our clients conducted full searches, despite our objections to the overbreadth or undue burden of the requests, with the following exceptions: in response to Lewis Requests 17, 18, and 56(m), 1AP Requests 12 and 55(m), and Luelsdorff Requests 8 and 46(m), which seek communications with or *concerning* President Donald. J. Trump, his family members, advisors, White House staff or staff of Donald J. Trump for President, Inc. We are standing on the objection with respect to "concerning." Our clients—like many people—presumably have communications "concerning" President Trump and any number of people in his family or orbit (who are all public figures), but they have not searched for such documents and we have not reviewed any. They did conduct searches for such communications "with" any of those individuals and found none. The only other exception is Request 34 (discussed below).

    We understand that you also applied your objections in this manner and while we accept your representation at our November 7 meeting that your client is not withholding documents, he needs to state in his responses—as we have—whether he is or is not

withholding responsive documents, and to specify whether he is standing on objections to any particular aspect of the request in conducting his search for responsive documents.

*Second,* the specific bates numbers or ranges are the documents that are specifically responsive from the production to individual requests based upon our review of the documents within our clients' possession, custody, and control. There may be other documents that are relevant to understanding, interpreting, or laying the proper foundation for these documents that were also produced that were not directly responsive to an individual request. But, as we stated, there are no documents being withheld based on objections.

*Third,* all searches have been completed and responsive documents produced, subject to a further production of responses from third parties and a single additional responsive document located relating to Mr. Lewis's locations on January 6, 2021. As we noted on our call yesterday, there are no documents being withheld on the basis of the objections to these requests.

*Fourth,* subject to the discussion above, Mr. Lewis has no responsive documents to these requests.

*Fifth,* we will provide a supplemental response to these interrogatories within a week from the date of this letter. Of course, you are also welcome to explore these areas with Plaintiffs at their depositions.

*Sixth*, we will provide a supplemental response to these interrogatories within a week from the date of this letter. Of course, you are also welcome to explore these areas with Plaintiffs at their depositions.

*Seventh*, we can confirm that all Plaintiffs documents are included in the productions titled "LEWIS" as the lead Plaintiff designation in the case.

*Eighth*, we will produce a privilege log for the single withheld document based on attorney-client privilege. The other redactions are for personal privacy and PII, mainly including account numbers, social security numbers, and other information that is sensitive and not subject to filing in Court. We are willing to meet to discuss production of unredacted versions to the extent that these redactions are relevant to this case and assurances that they will remain only within this case.

*Ninth*, we will not be reproducing the documents sorted by the production. You point to the Federal Rules of Civil Procedure which require documents to be produced in the normal course of business. This does not require the organization and reproduction of responsive material to each separate request, especially where the numerosity of your

requests renders multiple documents responsive to multiple requests. As you have noted, there is not an unmanageable number of documents in this case requiring this type of reproduction.

*Tenth*, as discussed at our meeting yesterday, we will provide additional information about these requests here. As to request for production six, relating to documents from the November 14, 2020 event, we believe that any such documents are simply not relevant to the claims or defenses of this case. Nevertheless, our clients searched for and produced all relevant documents that they located responsive to this propounded request, and we have not withheld any documents. As to request 34, we directed our clients not to search for responsive documents as this request seeks information provided to the January 6th Committee and/or law enforcement and our clients have been restricted from discussing these requests or their responses. In addition, the responsive documents are, at least in large part, matters of public record as the transcripts of Plaintiffs depositions taken by the January 6th Committee and correspondence with their counsel are public. Finally, your other numerous and expansive requests have asked for most, if not all, of the material requested by any other agency. In fact, your requests in part mirror the requests made by agencies. As to request 54, we have provided documents and updates as necessary to our initial disclosures and will continue to do so during discovery. As to request 55, there are no expert disclosures.

In closing, we request confirmation of Mr. Abramson's availability for his deposition noticed for November 18, 2024. In addition, we ask for additional information about whether remote depositions would be workable in this case. We also note that it has not yet been mentioned, but if there is to be a 30(b)(6) deposition of Plaintiff 1AP, Inc., we would suggest combining it with Mr. Lewis' deposition.

Sincerely,

Jason C. Greaves