UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
-------------------------------------------------x
ROBERT PATRICK LEWIS,              :
PHILIP A. LUELSDORFF,              :
1AP, INC.                          :
                                   :
        Plaintiffs,                :
                                   :
v.                                 :    Case No. 1:22-cv-00126-PB
                                   :
                                   :
SETH ABRAMSON                      :
                                   :
        Defendant.                 :
-------------------------------------------------x
```

**PLAINTIFF 1AP, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO**

Plaintiff 1AP, Inc., by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

INSTRUCTIONS AND DEFINITIONS

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

INTERROGATORIES

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

1

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and associated for-profit organization, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

**SUPPLEMENTAL RESPONSE:** As provided, Plaintiff had many donations they were bringing in, which ceased due to Defendant's defamatory statements. Plaintiff had plans to transform the business into aiding law enforcement in connection with stopping child trafficking. These plans have since been made impossible due to Defendant's defamatory statements.

8. Set forth 1AP's strategy for providing security detail at the events which were scheduled to occur on January 5, 2021 and January 6, 2021.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory seeks information that is proprietary to 1AP and/or a trade secret. Plaintiff further objects on the grounds that this request is not relevant to any claim or defense in this action and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

**SUPPLEMENTAL RESPONSE:** Contrary to Defendant's defamatory statements, Plaintiff is not a militia or any definition of the word (one of the main aspects of a militia is regularly coordinated outside training, which Plaintiff did not do). One of the reasons Plaintiff focused on only bringing in veterans is their experience in functions such as watching and protecting large groups of people.

Plaintiff's strategy was based on where to position people, being well-informed as to potential threats based on each environment, working with local and federal law enforcement in whatever area Plaintiff was located, and staying in constant coordination with each other for what Plaintiff's members saw and where they were positioned, which is why they had radios and earpieces. Plaintiff had direct contact with, and an agreement to contact if there was any trouble and law enforcement was needed, D.C. Metropolitan Police Department and the United States Parks Officers. Plaintiff was solely there to serve as their "eyes and ears" but had no authority to arrest or detain people, which they knew.

14. Describe each activity which generated monetary revenue for 1AP that 1AP conducted after the publication of each Statement and set forth the amount of revenue generated from each.

3

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad and unduly burdensome, seeking information that is proprietary to 1AP and/or a trade secret.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

**SUPPLEMENTAL RESPONSE:** Plaintiff did not receive any profits and operated solely on donations. All donated funds went to Plaintiff's events and operations, which have now ceased due to Defendant's defamatory statements.

15. Set forth each lost business opportunity you contend was lost because of the publication of any Statement. In your description, please include the following: (1) identify the party offering the business opportunity; (2) a complete and detailed description of the business opportunity; (3) the fee and/or revenue and/or payment that you were to receive from the business opportunity; (4) the reason that the offeror stated for withdrawing or cancelling the opportunity; and (5) which Statement you contend caused the loss.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory seeks information that is proprietary to 1AP and/or a trade secret.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

4

**SUPPLEMENTAL RESPONSE:** As discussed, Plaintiff had plans to help law enforcement tackle the child trafficking problem. Those plans have since ceased due to Defendant's defamatory statements.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

November 18, 2024                                    *RPLewis*
_____                              _____
Date                                                 1AP, Inc.

Dated: November 18, 2024                             1AP, INC.
                                                     *By Counsel*


                                                     /s/    Jason C. Greaves
                                                     Jason C. Greaves, *Pro Hac Vice*
                                                     BINNALL LAW GROUP
                                                     717 King Street, Suite 200
                                                     Alexandria, Virginia 22314
                                                     (703) 888-1943
                                                     Fax: (703) 888-1930
                                                     jason@binnall.com


                                                     Bryan K. Gould (NH Bar # 8165)
                                                     CLEVELAND, WATERS AND BASS, P.A.
                                                     Two Capital Plaza, 5th Floor
                                                     P.O. Box 1137

5

Concord, NH 03302-1137
(603) 224-7761
Fax: (603) 224-6457
gouldb@cwbpa.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:

>Christian H. Hinrichsen, # 264970
>Stephanie Bendeck, *Pro Hac Vice*
>MELICK & PORTER, LLP
>1 Liberty Square, 7th Floor
>Boston, MA 02109
>chinrichsen@melicklaw.com
>sbendeck@melicklaw.com


>Edward J. Sackman
>Richard C. Gagliuso
>Lucas Fortier
>BERNSTEIN SHUR PA
>670 N. Commercial Street
>Manchester, NH 03105
>nsackman@bernsteinshur.com
>rgagliuso@bernsteinshur.com
>lfortier@bernsteinshur.com

>*Attorneys for Defendant*

*/s/    Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*
