UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------x
ROBERT PATRICK LEWIS, :
PHILIP A. LUELSDORFF, :
1AP, INC. :
 :
    Plaintiffs, :
 :
v. :   Case No. 1:22-cv-00126-PB
 :
 :
SETH ABRAMSON :
 :
    Defendant. :
---------------------------------------------------------x

**PLAINTIFF LEWIS'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Robert P. Lewis, by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

**INTERROGATORIES**

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

1

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and for-profit organizations, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

**SUPPLEMENTAL RESPONSE:** As for damages to Plaintiff's personal life, he has lost many years with his children due to his inability to subject himself to a background search in order to participate in his children's Boy Scouts Troop due to what a background check would reveal, based on Defendant's defamatory statements. Plaintiff's son's Boy Scout Troop is the one for Jet Propulsion Laboratory ("JPL") in La Canada/Pasadena. The majority of the kid's parents work at JPL, which requires Secret or Top-Secret clearances from the United States, which is why the background check is a bigger deal to them than most troops. Plaintiff has always emphasized family being the most important thing to him, and Defendant's conduct has taken Plaintiff away from crucial years of his children's childhoods. Defendant's statements have also subject Plaintiff to additional attacks in the media, and other non-media personalities, some of whom are directly tied to Defendant, with platforms that are giving talks around the country, directing "troll swarms" to attack Plaintiff, and/or

posting on social media and publishing podcasts repeating Defendant's defamatory statements. This is ongoing to this day, resulting in "trial by media" that has caused Plaintiff depression and has taken an emotional toll on his relationship with his fiancée at the time. And any time Plaintiff mentions this case in any of his crowdfunding links, his engagement is less than twice that if he does not mention the case.

Defendant's statements have also impacted Plaintiff's career trajectory. Plaintiff has executive experience at a Fortune 500, Omnicom, the world's largest marketing and advertising company, with Fortune 10 company AT&T as the foundational client during his time at Javelin Marketing Group (an Omnicom agency), and an MBA from a top-ranked school, ranked number five globally, Southern Methodist University, Class of 2018. Now, former classmates and friends are afraid to even suggest Plaintiff for employment with their firms due to the ongoing attacks against him that flow directly from Defendant's statements.

Continuing with damage to Plaintiff's career, Plaintiff had a pledge of $15 million investment to his tech platform, Gear Monkey Network, that is now gone. The private investor is now deceased, but was Dallas-based at the time, and the meeting regarding the pledge was attended by several others, including Plaintiff's former boss from The Marketing Arm and Gear Monkey's CTO. Defendant's defamatory statements have made it impossible for Plaintiff to build a technology team or raise capital.

3

There is also severe damage to Plaintiff's business, The Shepherd Group, for which Plaintiff had already passed the Texas security managers exam and licensing requirements and was nearly complete with the Service Disabled Veteran Owned Small Business ("SDVOSB") certification, which is extremely valuable in government contracting. Plaintiff's company, Sheppard lost a "foundational" client that he was working with, the ex-wife of a former Major League Baseball pitcher, who hired Shepard due to what she perceived to be harassment she faced during her divorce, which has destroyed the business, Shepard. Shepard's other significant client at the time was the parents of a special needs child in San Francisco, California. Shepard worked to prove that the child's school account had been hacked, preventing the school from expelling the child (which they were in the process of doing) by showing it was a classmate who had accessed the child's Google Classroom account to send graphic messages to a teacher. The parents could not afford other security and investigative companies, however, Shepard helped them due to its ultimate goal of helping out children.

Plaintiff also had another private security firm that was outsourcing potential jobs for Plaintiff and for Shepherd, which all went away after Defendant's defamatory statements. A former Governor, now lobbyist, Haley Barbour, was also working to get Shepherd the contract to do security for CPAC, which ended after Defendant's defamatory statements. Further, Plaintiff had made a connection with a former Green Beret officer that was an executive with a "Big 5" defense company who had authority to approve Shepard, as a SDVOSB, for a contract with a $10 million cutout.

4

This agreement was set to take place until Defendant's defamatory statements. Plaintiff also had a connection with a former executive at Veteran's Affairs who was working towards getting Shepard meetings to discuss a contract to work with Veteran's Affairs, however, this too went away after Defendant's defamatory statements.

Finally, prior to Defendant's defamatory statements, Plaintiff was receiving roughly $5,000 per month in book sales. After Defendant's defamatory statements, however, these sales dropped down to roughly $100 per month, and Plaintiff had his author Facebook account closed down, which was where he advertised his book.

11. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years for any conditions for which you are now claiming damages; and state as to each the dates of examination or treatment and the condition for which you were examined or treated.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad, unduly burdensome, not proportionate to the needs of this case, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discover of admissible evidence. This case is about damages relating to the publication of defamatory material and is not related to any medical treatment Plaintiff may have received 10 years ago.

**SUPPLEMENTAL RESPONSE:** None.

13. Set forth each lost business opportunity you contend was lost because of the publication of any Statement. In your description, please include the following:

5

(1) identify the party offering the business opportunity; (2) a complete and detailed description of the business opportunity; (3) the fee and/or revenue and/or payment that you were to receive from the business opportunity; (4) the reason that the offeror stated for withdrawing or cancelling the opportunity.

**RESPONSE:** The largest impact has been the direct reputational harm suffered by Plaintiff Lewis and 1AP. Due to the severe impact of the reputational damage caused by Defendant, many individuals and business will not even offer an opportunity to work together for fear of retribution, targeting, or their own reputations being targeted and marred by hiring or working with someone who has been smeared and defamed with these types of defamatory statements.

In addition, there were multiple opportunities which were already in progress that were lost as a result of the entirety of the defamation. We will provide these upon the agreement of a confidentiality agreement that prevents revealing proprietary information, trade secrets, or confidential business information. Plaintiff reserves the right to supplement these responses as discovery progresses. Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

**SUPPLEMENTAL RESPONSE:** *See* Plaintiff's Supplemental Response to Interrogatory No. 6.

14. Describe each activity which generated monetary revenue for you that you conducted after the publication of each Statement and set forth the amount of revenue generated from each.

**OBJECTIONS:** Plaintiff objects on the grounds that this request is overbroad and unduly burdensome seeking granular details about every source of monetary revenue

6

after the publication. This request is not proportional to the scope of the litigation and seeks to place a severe burden on Plaintiff.

**RESPONSE:** Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

**SUPPLEMENTAL RESPONSE:** Since Defendant's defamatory statements, Plaintiff has had to do freelance work that could utilize his skills and credentials without requiring a background check. Plaintiff has used the Upwork freelancing platform, through which he has earned roughly $60,000 since Defendant's defamatory statements. Other clients have come through referrals and paid through Venmo, totaling $15,160 since the start of 2022.

Plaintiff worked three different jobs that he hoped would lead to something permanent, however, all three companies never paid him, this includes Best Choice Roofing, Top Chief Remodel, and Vannadium. Further, as discussed above, Plaintiff still receives roughly $100 per month from his book royalties. Finally, Plaintiff has a 60% disability rating from the VA and a purple heart, which amounts to a $1,100 monthly payment. This was recently increased to $1,300 per month, not due to any actions of Plaintiff.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

| | |
|---|---|
| November 18, 2024 | *R P Lewis* |
| Date | Robert P. Lewis |

Dated: November 18, 2024

ROBERT P. LEWIS
*By Counsel*

*/s/     Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
(703) 888-1943
Fax: (703) 888-1930
jason@binnall.com

Bryan K. Gould (NH Bar # 8165)
CLEVELAND, WATERS AND BASS, P.A.
Two Capital Plaza, 5th Floor
P.O. Box 1137
Concord, NH 03302-1137
(603) 224-7761
Fax: (603) 224-6457
gouldb@cwbpa.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:

>Christian H. Hinrichsen, # 264970
>Stephanie Bendeck, *Pro Hac Vice*
>MELICK & PORTER, LLP
>1 Liberty Square, 7th Floor
>Boston, MA 02109
>chinrichsen@melicklaw.com
>sbendeck@melicklaw.com


>Edward J. Sackman
>Richard C. Gagliuso
>Lucas Fortier
>BERNSTEIN SHUR PA
>670 N. Commercial Street
>Manchester, NH 03105
>nsackman@bernsteinshur.com
>rgagliuso@bernsteinshur.com
>lfortier@bernsteinshur.com


>*Attorneys for Defendant*

*/s/     Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*

7