UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
-------------------------------------------------x
ROBERT PATRICK LEWIS,                 :
PHILIP A. LUELSDORFF,                 :
1AP, INC.                             :
                                      :
         Plaintiffs,                  :
                                      :
v.                                    :    Case No. 1:22-cv-00126-PB
                                      :
                                      :
SETH ABRAMSON                         :
                                      :
         Defendant.                   :
-------------------------------------------------x
```

## PLAINTIFF LUELSDORFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Philip A. Luelsdorff, by counsel, hereby objects and responds to Defendant Seth Abramson's First Set of Interrogatories as follows:

## INSTRUCTIONS AND DEFINITIONS

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

## INTERROGATORIES

6. State separately the amount of compensatory, special, and any other damages you are seeking from Mr. Abramson and explain how you calculate each amount.

1

**RESPONSE:** Subject to ongoing discovery, Plaintiff responds as follows: Plaintiffs seek (a) compensatory and enhanced compensatory damages in the sum of $25,000,000.00, (b) prejudgment interest on the principal sum awarded by the Jury from January 6, 2021 to the date Judgment is entered at the annual rate of 2.0% pursuant to New Hampshire R.S.A. § 336.1, and (c) court costs arising out of the Defendant's defamation, defamation by implication, false light invasion of privacy and conspiracy. These costs were calculated based upon the destruction of both the nonprofit and for-profit organizations, destruction of Plaintiffs' personal reputations, family damage, and loss of both business income and reputation.

**SUPPLEMENTAL RESPONSE:** Plaintiff's recent 25 percent co-ownership of Carbon Derivatives Institute ("CDI") was terminated after several investors complained about Plaintiff being a member of the company after reading Defendant's defamatory statements, causing Plaintiff to lose up to $15 million in profits based upon a pending sale of carbon derivatives through proprietary patents that CDI holds. The sale is likely to net the company $85 million.

To mitigate this, as well as losses to Plaintiff's construction company, Plaintiff has applied for more construction bids but, as his tax returns illustrate, he has received less contracts and less callbacks. Further, Plaintiff had a private lender, SGR Inc., who would provide Plaintiff with funding; however, upon reading Defendant's defamatory statements, SGR Inc. told Plaintiff they would be unable to provide him with any more funding until his name was cleared. Plaintiff has had years of work and good will with clients and architects that have been destroyed

due to Defendant's defamatory statements. One woman who Plaintiff had built a home for wanted an addition on her home, and despite having no complaints with the home itself, told the architect that he could not hire Plaintiff because of Defendant's defamatory statements. Furthermore, administrative staff of Plaintiff's construction company quit because of Defendant's defamatory statements, before ultimately returning, however, the damage was already done, putting stress on his business.

Continuing, Plaintiff was removed from the leadership board of a prominent non-profit institution, through Baltimore City College, supporting prison reform in Baltimore, Maryland. Plaintiff's involvement with Baltimore City College was to find work for released prisoners in the energy space so that they did not relapse and return to prison. Plaintiff was even evicted from his home after the son of the owner found Defendant's defamatory statements. Plaintiff's youngest son, who has the same name as Plaintiff, wants to change his name due to the issues Defendant's defamatory statements have brought, as does Plaintiff's other son, who wants to change his last name. Plaintiff even separated for a brief time with his girlfriend, now wife, after people, under the influence of Defendant's defamatory statements, posted her home address online. There have also been in-depth conspiracies about Plaintiff's late mother, because of Defendant's defamatory statements, causing Plaintiff and his family great stress. Plaintiff will never be able to get his reputation back, causing significant emotional distress.

10. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years for any conditions for which you are now claiming damages; and state as to each the dates of examination or treatment and the condition for which you were examined or treated.

**OBJECTIONS:** Plaintiff objects on the grounds that this interrogatory is overly broad, unduly burdensome, not proportionate to the needs of this case, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discover of admissible evidence. This case is about damages relating to the publication of defamatory material and is not related to any medical treatment Plaintiff may have received 10 years ago.

**SUPPLEMENTAL RESPONSE:** None.

13. Describe each activity which generated monetary revenue for you that you conducted after the publication of each Statement and set forth the amount of revenue generated from each.

**OBJECTIONS:** Plaintiff objects on the grounds that this request is overbroad and unduly burdensome seeking granular details about every source of monetary revenue after the publication. This request is not proportional to the scope of the litigation and seeks to place a severe burden on Plaintiff.

**RESPONSE**: Subject to the foregoing objections Plaintiff responds as follows: Plaintiff may reconsider producing subject to an agreed protective order, or after moving for an appropriate protective order if an agreement on a protective order is not possible.

**SUPPLEMENTAL RESPONSE:** Plaintiff has continued to operate his construction company, the revenue of which is illustrated in his tax returns that have been produced.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

11/18/2024

_____          _____
Date                                                    Philip A. Luelsdorff


Dated: November 18, 2024                      PHILIP A. LUELSDORFF
                                                          *By Counsel*

                                                          /s/ Jason C. Greaves
                                                          Jason C. Greaves, *Pro Hac Vice*
                                                          BINNALL LAW GROUP
                                                          717 King Street, Suite 200
                                                          Alexandria, Virginia 22314
                                                          (703) 888-1943
                                                          Fax: (703) 888-1930
                                                          jason@binnall.com


                                                          Bryan K. Gould (NH Bar # 8165)
                                                          CLEVELAND, WATERS AND BASS,
                                                          P.A.
                                                          Two Capital Plaza, 5th Floor
                                                          P.O. Box 1137
                                                          Concord, NH 03302-1137
                                                          (603) 224-7761
                                                          Fax: (603) 224-6457
                                                          gouldb@cwbpa.com

                                                          *Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I certify that on November 18, 2024, a copy of the foregoing was sent by electronic mail to the following counsel:


Christian H. Hinrichsen, # 264970
Stephanie Bendeck, *Pro Hac Vice*
MELICK & PORTER, LLP
1 Liberty Square, 7th Floor
Boston, MA 02109
chinrichsen@melicklaw.com
sbendeck@melicklaw.com


Edward J. Sackman
Richard C. Gagliuso
Lucas Fortier
BERNSTEIN SHUR PA
670 N. Commercial Street
Manchester, NH 03105
nsackman@bernsteinshur.com
rgagliuso@bernsteinshur.com
lfortier@bernsteinshur.com


*Attorneys for Defendant*


/s/      *Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*

7