

Bernstein, Shur,
Sawyer & Nelson, P.A.
Jefferson Mill Building
670 North Commercial Street
Suite 108
PO Box 1120
Manchester, NH 03105-1120

T (603) 623 - 8700
F (603) 623 - 7775

Ned Sackman
Shareholder, Litigation Practice Group Leader
603-665-8844
nsackman@bernsteinshur.com

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

December 9, 2024

Jason C. Greaves, Esquire
Binnall Law Group
717 King St. Ste 200
Alexandria, VA 22314
jason@binnall.com

Re:   *Lewis et al. v. Abramson*, No. 22-cv-126-PB (D.N.H.)
      Response to Plaintiffs' November 8, 2024 Letter Regarding Plaintiffs' Discovery Deficiencies

Dear Attorney Greaves:

I write in response to your letter dated November 8, 2024, responding to Attorney Gagliuso's November 1, 2024 letter regarding deficiencies in Plaintiffs' discovery responses. Despite having the opportunity to supplement Plaintiffs' discovery responses after the parties' meet and confer on November 7, 2024, Plaintiffs' responses remain deficient.

***First***, you state in your November 8 letter that "the language 'subject to the foregoing objections' does not imply that [Plaintiffs] are withholding any documents based on the objections" with the exception of your responses to Lewis Requests 17, 18, and 56(m), 1AP Requests 12 and 55(m), and Luelsdorff Requests 8 and 46(m). With respect to those requests, which seek "[a]ll communications with ***or directly concerning*** Donald J. Trump, his family members, advisors, White House staff, or staff with Donald J. Trump for President, Inc." regarding certain topics, you state that you "are standing on the objection with respect to 'concerning'" and that Plaintiffs "have not searched for such documents and [you] have not reviewed any." Such communications directly concerning Donald J. Trump and the other listed individuals are clearly relevant to this action, which involves Defendant's allegedly defamatory statements concerning individuals and events supporting Donald Trump and his campaign. What Plaintiffs were saying about Donald Trump and others involved in his administration or campaign during the relevant time period are relevant to their political views, which also directly bear on the truth or substantial truth of Defendant's

allegedly defamatory statements about them. We request that Plaintiffs conduct a complete search for any such documents or communications and produce any responsive documents or communications identified.

Regarding Defendant's productions, he is not withholding any responsive documents subject to any objections, nor did he limit his search for responsive documents based on any objections.

*Second*, you state in your November 8 letter that "all searches have been completed and responsive documents produced" regarding 30 of Defendant's requests for which Defendant raised concerns about the reasonableness and completeness of Plaintiffs' searches, "subject to a further production of responses from third parties and a single additional responsive document located relating to Mr. Lewis's locations on January 6, 2021." However, those additional documents produced from Substack were produced in response to Plaintiffs' subpoena, not in response to Defendant's discovery requests, and the additional document regarding Mr. Lewis's locations on January 6, 2021 does not address the concerns Defendant expressed regarding the dearth of documents relating to communications between Plaintiffs and the individuals for whom they provided security services.

It is simply inconceivable that there are no communications between Plaintiffs and the individuals for whom they provided security services—services that Mr. Lewis has publicly acknowledged and spoken about—including communications coordinating where 1AP members were supposed to be, when they were supposed to be there, and what intelligence or security services they would be providing for their protectees or particular events. Accordingly, we request that Plaintiffs explain in detail how it is that they do not have any responsive documents for the 30 requests identified in Category 2 of Attorney Gagliuso's November 1 letter. We further request that Plaintiffs respond in detail to Defendant's Second Set of Interrogatories served on November 18, 2024, which include requests for Plaintiffs to describe in detail and under oath their efforts to search for and preserve documents relating to this lawsuit.

*Third*, although we acknowledge that you supplemented your interrogatory answers on November 18, 2024 with some additional information concerning damages, the supplemental responses still fail to comply with your obligations under the Federal Rules. Complete responses must include what Plaintiffs' specific damages are and how they were calculated. The November 18 responses do not contain that information. Therefore, we request that you supplement them again to include this information.

*Fourth*, you confirm in your November 8 letter that "all Plaintiffs documents are included in the productions titled 'LEWIS' as the lead Plaintiff designation in the case," but you did not answer our question in the November 1 letter as to whether 1AP or Mr. Luelsdorff intends to produce any additional documents. Please confirm whether they intend to do so.

*Fifth*, you state in your November 8 letter that you "will produce a privilege log for the single withheld document based on attorney-client privilege." You have not yet produced that privilege log. Please let us know when you will be producing it.

**Sixth**, regarding Defendant's request 34, you state in your November 8 letter that you "directed [Plaintiffs] not to search for responsive documents as this request seeks information provided to the January 6th Committee and/or law enforcement and [Plaintiffs] have been restricted from discussing these requests or their responses." You also assert that "the responsive documents are, at least in large part, matters of public record" and that Defendant's "other numerous and expansive requests have asked for most, if not all, of the material requested by any other agency."

Please identify what legal authority or basis you rely on to withhold the documents requested in request 34 that were produced to the January 6th Committee and/or law enforcement. Moreover, you do not deny that any of these requested documents are relevant to this action, but rather assert they are "at least in large part" matters of public record. That just begs the question of which responsive documents are not publicly available and so can only be obtained through Plaintiffs. It is also unclear what you mean when you state that Defendant's "other numerous and expansive requests have asked for most, if not all, of the material requested by any other agency." Are you asserting that Plaintiffs have already produced certain responsive documents that were requested by agencies investigating January 6 in response to Defendant's other requests, or are Plaintiffs withholding any documents that were requested by agencies investigating January 6 given that you directed Plaintiffs not to search for documents responsive to request 34?

We hope to resolve these discovery issues without court involvement, but substantial deficiencies remain with Plaintiffs' discovery responses.

Finally, I reiterate our request for deposition dates in January for the individual plaintiffs and a Rule 30(b)(6) deposition for the corporate plaintiff. We have made this request on multiple occasions and have not received a response to date.

Thank you.

Sincerely,

*/s/ Edward J. Sackman*

Ned Sackman

cc:    Richard Gagliuso, Esq.
        Lucas Fortier, Esq.
        Tyler Mills, Esq.
        Christian Henrichsen, Esq.