Case 1:22-cv-00126-PB   Document 69-15   Filed 04/23/25   Page 1 of 2



Christian H. Hinrichsen
(617) 502-9606
chinrichsen@melicklaw.com

ROBERT P. POWERS
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR. *(ME)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
SHANNON MCQUEENEY DOHERTY *(NY)
CHRISTOPHER D. GEORGE
BRIAN C. DAVIS
CAROLYN M. MILLER
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
LAUREN S. FACKLER *(NJ, NY & VT)
STEVEN M. BANKS (CT & NY)
PETER J. RIORDAN
VICTORIA M. RANIERI
ALEXANDER W. AHRENS (CT)
LAUREN C. ROCHE
MICHAEL C. GRENIER
PARKER L. WILLIAMS *(DC)
KURT A. ROCHA *(RI & CT)
CHRISTOPHER A. COSTAIN *(CT)
NICHOLAS M. LUISE
STEPHANIE E. BENDECK *(FL)
SOPHIA P. BREENE *(NH)
MALIK EICE MUHAMMAD *(NY)
CASEY C. MILLER (CT)
ALEXANDRA J.L. ROMANO *(NY)
MICHAEL W. STENGER (CT)
SAMANTHA J. SPICER (CT&NY)
ALEXANDRA D. BURROUGHS *(RI)
THOMAS C. DONOVAN
ELIZABETH A. VALENTINE

OF COUNSEL
DOUGLAS L. FOX *(FL)
ERIN J.M. ALARCON *(NH)
JENNIFER A. SUNDERLAND
JOHN A. SAKAKEENY

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

January 14, 2025

**Via email: jason@binnall.com**

Jason Greaves
Binnall Law Group
717 King St. Ste 200
Alexandria, VA 22314

   Re:  *Lewis et al. v. Abramson*, Case No. 1:22-cv-126-PB

Dear Attorney Greaves:

  I am writing in connection with Plaintiffs' Objections to Defendant's Second Set of Interrogatories. As you know, these interrogatories requested that Plaintiffs describe in detail their efforts to search for and preserve documents relating to this lawsuit. Because the Court recently granted an extension of the discovery deadline, we anticipate Plaintiffs will adhere to your prior assurance that substantive responses would be provided (i.e., "If the Court grants a discovery extension, Plaintiffs will respond accordingly.").

  I would also like to proactively address one concern. Plaintiffs have objected to multiple interrogatories—Nos. 3, 4, 6, 8, 9—on the basis that those interrogatories call for a legal conclusion. Not so. These interrogatories do not ask your clients about what the law states. Nor do these interrogatories ask your clients to opine on the legal significance of actions. Hence we will regard your clients' failure to respond to these interrogatories because they seek "legal conclusions" as insufficient to satisfy the requirements of the rules of procedure.

  Lastly, Attorney Sackman sent you a letter on December 9, 2024 outlining remaining substantial deficiencies with Plaintiffs' document production and discovery responses. Plaintiffs have not responded to that letter or otherwise addressed those remaining deficiencies. Please provide a response to that letter so that the parties can attempt to resolve these remaining discovery issues without court involvement.

Melick & Porter, LLP
January 14, 2025
Page 2

      I am available to discuss any of the issues raised in this letter. And I expect that we will resolve any issues without the need for court involvement. Thank you for your anticipated cooperation.

                                            Very truly yours,

                                            Christian H. Hinrichsen