UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------x
ROBERT PATRICK LEWIS,           :
PHILIP A. LUELSDORFF,           :
1AP, INC.                       :
                                :
    Plaintiffs,               :
                                :
v.                              :   Case No. 1:22-cv-00126-PB
                                :
                                :
SETH ABRAMSON                   :
                                :
    Defendant.                :
---------------------------------------------------------x

**PLAINTIFF ROBERT PATRICK LEWIS'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Plaintiffs Robert P. Lewis, Philip A. Luelsdorff, and 1AP, Inc., by counsel, hereby object to Defendant Seth Abramson's Second Set of Interrogatories as follows:

**INSTRUCTIONS AND DEFINITIONS**

Plaintiff objects to the instructions and definition to the extent they seek to impose any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Hampshire, or any applicable discovery order in this case.

1

## GENERAL OBJECTION

Defendant served these interrogatories just days before the end of discovery, well outside the timeframe that would have required responses during discovery. Accordingly, because discovery closed on November 28, 2024, and remains closed at this time, no response is required. If the Court grants a discovery extension, Plaintiffs will respond accordingly.

## INTERROGATORIES

1. Describe in detail any and all steps or actions taken by you, at any time, to preserve Documents, Communications, and Electronically Stored Information relating to this lawsuit, including when such steps or actions were taken.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent this request asks for information gathered or prepared in anticipation of litigation and legally privileged material, including attorney client privilege. Plaintiffs further object on the grounds that this request is overly broad, unduly burdensome, and not relevant to any party's claim or defense nor is it proportional to the needs of the case.

**RESPONSE:** Plaintiff Robert Patrick Lewis did not delete or destroy any documents or information related to this litigation. He preserved all sources of potentially relevant information by not deleting any potentially relevant sources of information from any of his devices.

2. Describe in detail any and all efforts made by you, at any time, to locate or identify Documents, Communications, and Electronically Stored Information

responsive to Defendant's discovery requests, including a description of all devices, storage media, or other repositories that you searched.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent this request asks for information gathered or prepared in anticipation of litigation and legally privileged material, including attorney client privilege. Plaintiffs further object on the grounds that this request is overly broad, unduly burdensome, and not relevant to any party's claim or defense nor is it proportional to the needs of the case.

RESPONSE: Plaintiff Lewis used Boolean operators to search for responsive materials based on the discovery requests from Defendant to search for relevant information both on his behalf and on Plaintiff 1AP's behalf. Plaintiff Lewis searched his phone, laptop, all cloud file storage sources that he used, his email, and his messaging applications. The search terms included the names included in the discovery requests, events and dates included in the discovery requests, and topics included in the discovery requests, as well as additional topics that could be seen as potentially tangential to the request.

3. Identify all evidence that the Statements were not substantially true when made.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant.

**SUPPLEMENTAL OBJECTIONS:** Plaintiffs further object on the basis of attorney work product. This request seeks to invade the work product of counsel regarding

3

case strategy and the answer will be limited to Plaintiffs' personal knowledge not including discussions with counsel regarding case strategy. In addition, Plaintiffs object on the grounds that this request is overly broad, unduly burdensome. Requesting "all" evidence that could possible exist is overbroad and unduly burdensome and is the subject of continuing discovery in this matter including the depositions of all parties and third-parties. This request is also improper in that it requires providing "all" proof of a negative, which is inherently unduly burdensome and potentially impossible.

**RESPONSE:** Subject to these objections, the statements are false and defamatory for the reasons included below and the evidence that supports this includes all evidence turned over by either party in discovery thus far and the continued fruits of discovery to include depositions, affidavits, and other materials in discovery. Specifically, each statement is addressed below:

    a. **Statement 4**: This statement accuses Robert Patrick Lewis of being a legitimately dangerous domestic insurgent and links him to the events of January 6. He is not a "legitimately dangerous domestic insurgent[]" and he was not involved in the January 6 attack on the United States Capitol, which is the plain implication of the statement, which is false and defamatory.

    b. **Statements 5:** This statement accuses 1AP of playing a support role in an insurrection and seditious activity, which is both false and defamatory because 1AP played no such role in any insurrection and took no seditious activity.

    c. **Statement 6:** This statement accuses 1AP of providing security for top agents of Team Trump, members of the Secret Service, and insurrectionist and militant groups. It also links 1AP to the events of January 6. 1AP did not provide security for any insurrectionist or militant groups and was not involved in the events of January 6 or any insurrection or seditious activity.

   d. **Statement 25**: This statement implies that Mr. Lewis was involved in a war room on January 6 and imputes his involvement in the events of January 6, particularly in coordinating those events. This is false. Mr. Lewis was not involved in any war room or coordinating the events of January 6.
   e. **Statement 34**: This Statement accuses Plaintiffs of having a war room in the Willard Hotel and imputes their involvement in the coordination of the events of January 6. Plaintiffs did not have a war room in the Willard.
   f. **Statement 37**: This Statement alleges that Plaintiffs were somehow involved in an alleged death threat against an individual. 1AP leadership was not involved, nor were the individual Plaintiffs. Indeed, as evidenced in discovery, a directive was given to all 1AP personnel to avoid Ms. Burke, the woman who was allegedly threatened.
   g. **Statement 38**: This Statement alleges that a 1AP agent was reporting from the Capitol Building while Mr. Luelsdorff oversaw the events from the war room at the Willard. None of this is true. 1AP did not have anyone at the Capitol Building acting as an agent of 1AP, and, as discussed above, 1AP was not involved in any war room. Mr. Luelsdorff briefly stepped into a room and was quickly asked to leave.

4. Identify all evidence that the Statements are not substantially true today.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant. Plaintiffs further object to the extent this request is duplicative of other requests.

**SUPPLEMENTAL OBJECTIONS:** Plaintiffs further object on the basis of attorney work product. This request seeks to invade the work product of counsel regarding case strategy and the answer will be limited to Plaintiffs' personal knowledge not including discussions with counsel regarding case strategy. In addition, Plaintiffs object on the grounds that this request is overly broad, unduly burdensome.

5

Requesting "all" evidence that could possible exist is patently overbroad and unduly burdensome and is the subject of continuing discovery in this matter including the depositions of all parties and third-parties. This request is also improper in that it requires providing "all" proof of a negative, which is inherently unduly burdensome and potentially impossible.

**RESPONSE**: See response to 3 above.

5. State all details of the publication of the Statements.

**OBJECTIONS**: In addition to the general objection above, Plaintiffs to the extent that this request seeks information that is in the possession of Defendant. Plaintiffs further object on the grounds that this request is impermissibly vague, as it is unclear what Defendant seeks from Plaintiffs in response, considering it was Defendant who published the Statements, not Plaintiffs. Defendant would know the details of how he came to publish the Statements.

**RESPONSE**: Defendant published the statements as outlined in the operative Complaint. This topic will be explored in more detail during Mr. Abramson's deposition.

6. Identify all evidence that Abramson knew the Statements were false or that he entertained serious doubts as to their truth.

**OBJECTIONS**: In addition to the general objection above, Plaintiffs object to the extent that this request seeks legal conclusions, as well as publicly available information and information that is in the possession of Defendant.

6

**SUPPLEMENTAL OBJECTIONS:** Plaintiffs further object on the basis of attorney work product. This request seeks to invade the work product of counsel regarding case strategy and the answer will be limited to Plaintiffs' personal knowledge not including discussions with counsel regarding case strategy. In addition, Plaintiffs object on the grounds that this request is overly broad, unduly burdensome. Requesting "all" evidence that could possible exist is overbroad and unduly burdensome and is the subject of continuing discovery in this matter including the depositions of all parties and third-parties. This request is also improper in that it requires providing "all" proof of a negative, which is inherently unduly burdensome and potentially impossible. Moreover, this request calls for information specifically within the possession of Defendant relating to his own knowledge and state of mind.

**RESPONSE**: As the Statements are all false, Mr. Abramson could not have had any knowledge of them that provided anything except confirmation of their falsity. In addition, he could not have published the statement with anything but reckless disregard for the truth or falsity as the statements are false and there was never any evidence to support claims that Plaintiffs participated in any way in the illegal actions that occurred on January 6, nor that 1AP was a militant extremist group or that the people they were working for were "top agents of team Trump". Mr. Abramson actively avoided the truth, he did not reach out to any of the plaintiffs for comment, he ignored his own "sources" telling him to do his due diligence before making his claims as evidenced in his discovery submissions, and he did not do any research which would have shown his reckless statements to be false. His knowledge,

state of mind, and research or other preparations that he made before making egregiously false and slanderous statements will be the subject of his deposition.

7. Identify all individuals known to you to have read or otherwise learned of the Statements.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent this request asks for information outside of Plaintiffs' custody, control, or possession.

**RESPONSE:** The total number of people that read the statements include both Mr. Abramson's X (formerly, Twitter) followers and his Substack followers, which include January 6th Committee Members, individuals in the mainstream media, members of The Atlantic Counsel, Harvard Professors, the Google News Initiative, and others named included in Mr. Abramson's *PROOF of Notable Readers* Substack post. In addition, Plaintiffs are aware of the following individuals that have read the material: Lynn Brewer, Judie Isham, Vivian Leslie.

8. Identify all evidence of any harm to your reputation caused by the publication of the Statements.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent that this request seeks legal conclusions and is vague. Plaintiffs further object to the extent this request is duplicative of other requests.

**RESPONSE:** *See* Supplemental Response to Interrogatory No. 9 to Plaintiff Leulsdorff; *see* Supplemental Response to Interrogatory No. 6 to Plaintiff Lewis; *see*

Supplemental Response to Interrogatory No. 6 to Plaintiff 1AP. In addition, Plaintiff 1AP has suffered from being linked to the events of January 6 insofar as its donations have been severely curtailed and it has ceased to operate as an entity. These losses are directly attributable to the harm in reputation from being associated with the events of January 6.

9. Itemize all special damages that you claim were sustained as a result of the publication of the Statements, and produce all Documents supporting such damages.

**OBJECTIONS:** In addition to the general objection above, Plaintiffs object to the extent that this request seeks legal conclusions. Plaintiffs further object to the extent this request is duplicative of other requests. Finally, Plaintiffs object on the grounds that it is improper to request Documents in an Interrogatory.

**RESPONSE:** *See* Supplemental Response to Interrogatory No. 13 to Plaintiff Leulsdorff; *see* Supplemental Responses to Interrogatory Nos. 13 and 14 to Plaintiff Lewis; *see* Supplemental Responses to Interrogatory Nos. 14 and 15.

## VERIFICATION

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

28/01/2025
_____

Date

_Robert Patrick Lewis (Jan 28, 2025 19:08 PST)_

Robert Patrick Lewis

Dated: January 28, 2025

PLAINTIFFS
*By Counsel*

/s/     *Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
Shawn M. Flynn, *Pro Hac Vice*
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
(703) 888-1943
Fax: (703) 888-1930
jason@binnall.com

Jacob Rhodes
Cleveland Waters & Bass PA
Two Capital Plaza
PO Box 1137
Concord, NH 03302-1137
603-224-7761
rhodesj@cwbpa.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on January 28, 2025, a copy of the foregoing was sent by electronic mail to the following counsel:

>Elizabeth L. Hurley
>Clara E. Lyons
>Getman Schulthess Steere & Poulin PA
>1838 Elm St
>Manchester, NH 03104
>603 634-4300
>ehurley@gssp-lawyers.com
>clyons@gssp-lawyers.com

>Edward J. Sackman, N.H. Bar #19586
>Richard C. Gagliuso, N.H. Bar #874
>670 N. Commercial Street, Suite 108
>P.O. Box 1120
>Manchester, New Hampshire 03105
>(603) 623-8700
>nsackman@bernsteinshur.com
>rgagliuso@bernsteinshur.com

>*Attorneys for Defendant*

/s/     *Jason C. Greaves*
Jason C. Greaves, *Pro Hac Vice*
*Attorney for Plaintiffs*

# Lewis Objections and Responses to 2nd ROGs_

Final Audit Report                                                                 2025-01-29

| | |
|---|---|
| Created: | 2025-01-29 |
| By: | Shawn Flynn (shawn@binnall.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAX8Ebr2wA_h11uC43gL3fWq9aCQsUQSzY |

## "Lewis Objections and Responses to 2nd ROGs_" History

- Document created by Shawn Flynn (shawn@binnall.com)
  2025-01-29 - 3:07:07 AM GMT

- Document emailed to Robert Patrick Lewis (sfscubarob@protonmail.com) for signature
  2025-01-29 - 3:07:11 AM GMT

- Email viewed by Robert Patrick Lewis (sfscubarob@protonmail.com)
  2025-01-29 - 3:07:37 AM GMT

- Document e-signed by Robert Patrick Lewis (sfscubarob@protonmail.com)
  Signature Date: 2025-01-29 - 3:08:40 AM GMT - Time Source: server

- Agreement completed.
  2025-01-29 - 3:08:40 AM GMT

Adobe Acrobat Sign