UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ROBERT PATRICK LEWIS,            )
PHILIP A. LUELSDORFF and         )
1AP, INC.,                       )
                                 )
        Plaintiffs,              )
                                 )          Case No.: 1:22-CV-00126-PB
                                 )
        v.                       )
                                 )
SETH ABRAMSON,                   )
                                 )
        Defendant.               )
                                 )

**DEFENDANT'S PRETRIAL STATEMENT**

NOW COMES the Defendant, Seth Abramson, by and through his attorneys, Poulin Hurley Makris & Lyons P.A., and in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.2 respectfully submits the following Pretrial Statement.

I.      **BRIEF STATEMENT OF THE CASE**

This case involves civil claims for defamation (also known as libel) brought by the Plaintiffs, Robert Patrick Lewis, Phillip Luelsdorff, and 1AP, Inc., against Defendant, Seth Abramson, arising out of several statements Mr. Abramson published on Twitter and Substack in 2021. Generally, the statements at issue involve the events surrounding and transpiring at the Nation's Capital on January 6, 2021.

Mr. Lewis and Mr. Luelsdorff are both former members of the military and 1AP, a volunteer non-profit organization Mr. Lewis created to provide *pro bono* security and intelligence services to various people and groups around the time of the 2020 presidential election. Mr. Abramson is

1

a self-described "curatorial journalist" who publishes a blog known as "Proof" on Substack (an Internet publishing platform).

Plaintiffs maintain that during 2021 Mr. Abramson published several statements about them that are false, defamatory, and caused them to suffer damages.  Mr. Abramson denies liability for these claims on numerous grounds.  The parties will identify the specific statements at issue in this case in their opening statements and throughout the course of the presentation of evidence at trial, and I will instruct you on the law and burdens of proof governing Plaintiffs' claims and Defendant's defenses thereto.

II.   **WITNESSES**

    a.   Expected to Present

        i.    The Defendant, Seth Abramson

        ii.    The Plaintiff, Robert Patrick Lewis

        iii.    The Plaintiff, Phillip Luelsdorff

        iv.    Blake Miles

        v.    Joseph Flynn

        vi.    Cindy Chafian

        vii.    Joe Oltmann

    b.   May Call if the Need Arises

        i.    John Eastman

        ii.    Staci Burk

        iii.    Micheal Kenney

        iv.    Dalton Bennett, Alice Crites, Josh Dawsey, Rosalind S. Helderman or keeper of records of the Washington Post

v.      "Rob and Andrew" of After Dark with Rob and Andrew on America Out Loud,

vi.     Stephen Lundgren or Keeper of Records, Patriot Transition Voice

vii.    Hollie McKay, or Keeper of Records, Fox News

viii.   Andrew Kloster, former attorney with White House Office of Personnel

ix.     Jim Penrose, former NSA official

x.      Leslie McAdoo Gordon, Esq.

xi.     Brandon Pittman; 1AP

xii.    Richard Chicchetser, 1AP

xiii.   Alan Kielen, 1AP

xiv.    James Curtis, 1AP

xv.     Jordan Green, North Carolina-based investigative reporter at Raw Story,

xvi.    William Bredderman Senior Researcher, the Daily Beast

xvii.   Will Sommer Politics Reporter, the Daily Beast

xviii.  Keeper of Records, the Daily Beast

xix.    David Gilbert, Vice

xx.     Keeper of Records, Vice

xxi.    Keeper of Records, The New York Times

xxii.   Keeper of Records, ProPublica

xxiii.  Dan Friedman or Keeper of Records, Mother Jones

xxiv.   Ted Mann

xxv.    Andrew Restuccia

xxvi.   Alen Feaur

xxvii.  Patrick Bryne

| | |
|---|---|
| xxviii. | Michael Flynn |
| xxix. | Ali Alexander |
| xxx. | Stewart Rhodes |
| xxxi. | Sydney Powell |
| xxxii. | Scott Kesterson |
| xxxiii. | Alexander Luelsdorff |
| xxxiv. | Vivian Leslie |

### III.     WAIVER OF DEFENSES – NONE

The Defendant waives no defenses against the claims the Plaintiffs assert against him.

### IV.     DEPOSITIONS READ INTO EVIDENCE

The Defendant does not expect to read depositions into evidence.  The Defendant reserves the right to update this statement should the case be continued. L.R. 16.2(c).

### V.     EXHIBITS

a.  Expected to Offer

i.     The Defendant's Social Media Posts and Substack articles containing the allegedly defamatory statements.

ii.     Plaintiffs' Social Media Posts, including Tweets.

iii.     Blake Miles electronic correspondence as himself and on behalf of 1AP with Robert Patrick Lewis and/or concerning 1AP.

iv.     Washington Post Articles concerning the Plaintiffs or the truth of the allegedly defamatory statements.

v.     1AP hierarchy chart.

vi.    New York Times Articles concerning the Plaintiffs or the truth of the allegedly defamatory statements.

vii.   Video posted on Lewis' YouTube page on November 10, 2020

viii.  Daily Beast Articles concerning the Plaintiffs or the truth of the allegedly defamatory statements.

ix.    Vice Articles concerning the Plaintiffs or the truth of the allegedly defamatory statements.

x.     Exhibits included with the Defendant's First Motion for Summary Judgment.

xi.    All publications and videos identified in Defendant's statements

b.  May Offer if the Need Arises

i.     Exhibits marked during deposition of Robert Patrick Lewis

ii.    Exhibits marked during deposition of Philip Luelsdorff

iii.   Exhibits marked during deposition of Blake Miles

## VI.    AGREEMENT ON JERS

The parties have met and conferred regarding the use of JERS and have agreed to have the jury use JERS to review evidence.

## VII.    STATEMENT OF SPECIAL DAMAGES

Not applicable.

## VIII.    ATTEMPTED SETTLEMENT

a.  Latest Demand and Offer

There has been no demand from the Plaintiffs, and no offer from the Defendant.

b.  ADR Participation

Alternative Dispute Resolution has not been attempted in this matter.

## IX.    CLAIMED ATTORNEY'S FEES

The Defendant claims attorney's fees because the Plaintiffs' "claim was frivolous, unreasonable, or groundless, or that the [Plaintiffs] continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *see also* RSA 507:15. Further, the Plaintiffs' claims are "patently unreasonable," motivated by "unjustifiable belligerence or obstinacy," and made in bad faith, such that the Defendant has been "forced to litigate in order to enjoy" his First Amendment rights. *Keenan v. Fearon*, 130 N.H. 494, 501–02 (1988); *see also Harkeem v. Adams*, 117 N.H. 687, 691 (1977).

## X.    REQUEST FOR VIEW – NONE

The Defendant does not request a view.

## XI.    ESTIMATED TRIAL LENGTH

7 – 10 Days.

Respectfully submitted,

SETH ABRAMSON

By His Attorneys,

POULIN HURLEY MAKRIS & LYONS P.A.

DATED: July 6, 2026         /s/ Elizabeth L. Hurley
                            Elizabeth L Hurley, Esq.
                            NH Bar # 16851
                            1838 Elm Street
                            Manchester, N.H. 03104
                            (603) 634-4300
                            ehurley@phml.law

## CERTIFICATE OF SERVICE

6

I hereby certify that on this date a copy of the foregoing will be served upon all parties and counsel of record through the Court's electronic filing system.

DATED: July 6, 2026                          /s/ Elizabeth L. Hurley
                                             Elizabeth L Hurley, Esq.